**MOON v. PRICE.**
**No. 14770.**

United States Court of Appeals
Fifth Circuit.
May 31, 1954.

James W. Dorsey, U. S. Atty., and Charles D. Read, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellant.

M. Neil Andrews, Atlanta, Ga., and Raymond M. Reed, Marietta, Ga., for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and WRIGHT, District Judge.

HUTCHESON, Chief Judge.

Brought up on an agreed statement of facts,[1] this appeal tests for error in law the rulings and actions of the district judge in (a) refusing, before trial and judgment, to dismiss the cause or, in the

1. Plaintiff filed suit in the Superior Court of Floyd County, Georgia, on Nov. 28, 1952, seeking the full value of the life of her minor daughter, Loretta Diana Price, whose death was caused by the joint negligence of the defendants, Powell and Moon. The case was subsequently removed to the United States District Court by defendant Moon, who was a mail carrier and on official business of the Post Office Department at the time of the occurrence. This case became Civil Action 751 in the Rome Division of the Northern District of Georgia.

Thereafter, on Jan. 20, 1953, plaintiff brought suit against the United States under the Federal Tort Claims Act for the full value of the life of her minor daughter, Loretta Diana Price, whose death was caused by the negligence of Robert T. Moon, a rural mail carrier, while acting on official business of the Post Office Department, this case being designated as Civil Action 756, Rome Division.

On June 1, 1953, a short time before the case was reached for trial, defendant Moon filed a motion to dismiss on the grounds that there was then pending another action, Civil Action 756, growing out of the same occurrence, in which plaintiff sought to recover for the death of her child against the United States; that a judgment in Civil Action 756 would be a bar to a recovery against Moon in Civil Action 751, and prayed in the alternative for dismissal of the suit against Moon or that plaintiff be required to elect as to whom she would proceed against as between Moon and the United States. No action was taken by the Court on this motion.

The two cases were tried on June 1 and 2, 1953, simultaneously, the jury passing on Civil Action 751, and the Court sitting as a jury decided Civil Action 756. On June 2, 1953, the jury returned a verdict in favor of the plaintiff in the amount of $2500 in Civil Action 751, and the Court took the evidence in Civil Action 756 under advisement and on June 6, 1953, filed his Finding of Fact, Conclusions of Law, and Judgment in favor of the plaintiff in the sum of $2500.

On June 12, 1953, defendant Moon filed a motion under Rule 50(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., and renewed his motion for directed verdict and among other grounds set out the judgment in Civil Action 756. He contended that plaintiff was not entitled to recover against him and also against his employer for the same occurrence. In this motion Moon also set out that the judgment in Civil Action 756 was a bar to recovery against Moon in Civil Action 751. This motion was overruled by the Court on June 18, 1953.

alternative, require plaintiff to make an election between the prosecution of Civil No. 751, the suit she had brought against Powell and appellant, and Civil No. 756, the one she had brought against the United States, as appellant's employer, and (b) in refusing, after trial and judgment, to hold that the judgment plaintiff had, on July 6th, obtained against the United States in No. 756, was, under Sec. 2676, Title 28 U.S.C.A.,[2] a complete bar to the one she had obtained against appellant on June 2nd, Civil No. 751. Quoting from United States v. Lushbough, 4 Cir., 200 F.2d 717, 721:

"The District Court having awarded a judgment in favor of Lushbough in his action against the United States, could not in the face of the explicit provisions of the act order judgment against Hoffman [the Government's employee] in favor of Lushbough in the same action",

appellant insists that the same rule applies here.

The appellee, in her turn, citing and relying on U. S. v. First Second Bank of Utah, 10 Cir., 208 F.2d 424, and the fact that her judgment was sought and obtained against the employee before judgment was entered against the United States in her separate suit against it, insists that the facts of this case completely differentiate it from those in the Lushbough case, for there the employee was not sued by the plaintiff in a separate suit, but impleaded by the United States as a third party defendant in the suit plaintiff had brought against it.

To appellant's contention that, under Georgia Code, Secs. 3–601 and 3–607, requiring plaintiff to elect between two actions *at the same time for the same cause and against the same party*, and the Georgia decisions, Railway Express, Inc. v. McBroom, 61 Ga.App. 223, 6 S.E. 2d 460; Giles v. Smith, 80 Ga.App. 540, 56 S.E.2d 860, and Darling Stores Corp. v. Beatus, 199 Ga. 215, 33 S.E.2d 701, holding that where the liability of the master is purely derivative, a judgment on the merits in favor of the agent and servant is res judicata in favor of the principal or master, though he was not a party to the action, it was error to deny appellant's motions, appellee replies: (1) that this contention is in effect that under Georgia law there can be only one satisfaction of the same damage; (2) that there has been no satisfaction of either judgment held by Mrs. Price; (3) that in any event the present appeal involves only the judgment against the servant; and (4) that there being no complaint of the finding of the jury that the appellant was guilty of negligence and liable to the plaintiff, there is, there can be, no basis for the claim here made that appellant was injured by the entry of judgment on the verdict so finding.

Thus appellee brings sharply into focus the real apprehension of counsel for appellant, who was also counsel for the United States, which, though not put clearly forward, lurks in the record. This is that unless the judgment against appellant is reversed and set aside, the plaintiff will have two judgments, and may obtain two satisfactions, for the same injury.

We think it plain that, under the rule prevailing in Georgia, and generally elsewhere,[3] that there can be but one satisfaction of the same damage or injury, appellant's apprehension that because two judgments have been separately entered in favor of the same plaintiff for the same injury, against the employer in one case, and against the employee

2. This section provides:

"The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim."

3. Giles v. Smith, supra; 52 Am.Jur. "Torts", Sec. 131; U. S. v. First Second Bank of Utah, supra; Restatement of Torts, Vol. 4, Sec. 885; Annotated, 126 A.L.R. 1199.

in the other, the plaintiff will, unless the judgment against appellant is reversed, be allowed a double satisfaction, is wholly without foundation. On the contrary, the satisfaction of either of the judgments will constitute a complete satisfaction of the other.

No reversible error having been made to appear, the judgment is affirmed.