**Helen A. CHAGNON**

v.

**William J. GRIFFITHS, Jr.**

Civ. A. No. 54-186.

United States District Court,
D. Massachusetts.

March 9, 1955.

Kenneth Hurwitch, Scituate, Mass., Harry Bergson, Jr., Boston, Mass., for plaintiff.

Anthony Julian, U. S. Atty., William J. Koen, Asst. U. S. Atty., Boston, Mass., for defendant.

ALDRICH, District Judge.

This motion raises a question under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. The plaintiff, injured by an automobile driven by a now alleged member of the United States Selective Service while in the course of his duties on government business, sued the driver individually in the state court. The defendant removed it here under 50 U.S.C. § 738. The plaintiff moves to add the United States as a party defendant, and to add a corresponding second count to her complaint.

I do not question the general right of the plaintiff to add the government as a party, as distinguished from instituting a separate suit. Cf. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523; United States v. Vernon Cab Co., D.C.Mass., 125 F.Supp. 335. I am more concerned with the question of the right of the plaintiff to sue the driver and the United States in one action, now that the government may be the only party ultimately liable.[1] Cf. United States v. Gilman, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898.

While ordinary claims against a principal and an agent could be joined in one action I am unwilling, where, as here, I have discretion, to have this case proceed against the United States and the driver jointly. If the plaintiff files a motion to dismiss against the driver within 10 days, I will allow the motion to add the United States as a party, subject to service of process, etc., and then dismiss against the driver. Otherwise the motion to add the United States will be denied.

[1]. This is not necessarily so. For one thing, the proof at the trial might show the government not liable because the driver was not its agent, but leave the driver liable personally. However, the United States Attorney removed the case, and the government apparently expects it may be liable, if anyone is. See also 28 U.S.C. § 2676; cf. Moon v. Price, 5 Cir., 213 F.2d 794.