Moe ADAMS, Plaintiff,

v.

Harry JACKEL, Defendant.

No. 63-C-632.

United States District Court
E. D. New York.

Aug. 9, 1963.

Stanley F. Meltzer, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty., of counsel), for defendant, in support of motion.

Jesse Y. Schwartz, New York City (Fuchsberg & Fuchsberg, New York City, of counsel), for plaintiff, opposed.

DOOLING, District Judge.

Plaintiff sued first the United States in this Court and thereafter the operator of a Government motor vehicle in the Supreme Court, Kings County, charging in each case that while the Government driver was "acting within the scope of his office and employment" in operating the Government vehicle, and while he was operating the vehicle with the Government's permission and consent, he negligently ran into and injured the plaintiff pedestrian. Acting under the 1961 Act amending 28 U.S.C. § 2679, the United States Attorney made a certificate that he is "of the opinion that" the defendant motor vehicle operator in the Kings County action "was acting within the scope of his employment as an employee of the United States at the time of such incident". On that certificate the Kings County action was removed to this Court.

The defendant motor vehicle operator now moves to dismiss the action against him on the ground that it is now, by virtue of the United States Attorney's certificate, "deemed a tort action brought against the United States" and should be dismissed because of the pendency of the prior action against the United States.

It is concluded that the action may not now be dismissed, notwithstanding the statute and its undoubted validity.

Other statutes have similarly, and validly, abolished rights of action. The ancient right of action against the collector of internal revenue for restitution of taxes, illegally exacted, with its accompanying right to a jury trial, while truly an action against the man as a wrongdoer and not against his office (United States v. Kales, 1941, 314 U.S. 186, 197, 62 S.Ct. 214, 86 L.Ed. 132 et seq.; Toledo Edison Co. v. McMaken, 6th Cir. 1939, 103 F.2d 72) can, it has been held, be swept away as to a particular category

of taxes and the wronged taxpayer confined, retroactively, to a remedy against the United States itself (Anniston Mfg. Co. v. Davis, 1937, 301 U.S. 337, 343, 57 S.Ct. 816, 81 L.Ed. 1143), notwithstanding that a right claimed under the Seventh Amendment is lost by the change. Edwin Cigar Co. v. Higgins, S.D.N.Y. 1936, 17 F.Supp. 988, 991; Cf. Royal Worcester Corset Co. v. White, D.Mass. 1941, 40 F.Supp. 267, 269. And the same is true of rights of action against government contractors for infringing patents by their infringing manufacture for government account: the Government can legislate the rights of action out of existence and substitute an exclusive remedy against itself in the Court of Claims. 28 U.S.C. § 1498; Pierce v. Submarine Signal Co., D.Mass.1939, 25 F.Supp. 862, 863. A similar substitution of Governmental liability for the liability of its agents is presented by 46 U.S.C. § 745.

■ It is already the law that a Federal Tort Claims Act judgment against the United States for its servant's tort, rendered in an action brought under 28 U.S.C. § 1346(b), bars an action against the servant (28 U.S.C. § 2676) (although the reverse is not true, except to the extent that only a single satisfaction of judgment for the damages flowing from the tort may be had, Moon v. Price, 5th Cir. 1954, 213 F.2d 794 *). It has been concluded, too, that the United States cannot, as private employers often may, seek indemnity from its own servant (United States v. Gilman, 1954, 347 U.S. 507, 74 S.Ct. 695, 98 L.Ed. 898) and it has been concluded as well that apart from the relief afforded by the 1961 Act, the servant when sued alone cannot bring the United States into an action under Rule 14(a) so as to get indemnification or exoneration. Uptagrafft v. United States, 4th Cir. 1963, 315 F.2d 200. The 1961 Act provides a means of exonerating from suit the government employee who, while acting within the scope of his authority, commits an unintentional tort for which the United States is liable under the Federal Tort Claims Act. The Act has been held constitutional and operative, Gustafson v. Peck, N.D. Iowa, W.D., 1963, 216 F.Supp. 370, notwithstanding that it precludes a jury trial and terminates, in the cases to which it applies, the right to sue the operator of a government motor vehicle.

■ The difficulty with granting the relief sought, however, is that even an unqualified certificate by the Attorney General—and the present certificate falls far short of that and may not be borne out by evidence hereafter coming to the attention of the United States Attorney —does not with finality convert the case into one against the United States. On a motion to remand that, apparently, may be made at any time before the trial on the merits, the court may determine "on a hearing * * * that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States" and remand the case. The reference back to subsection (b) and its further reference to 28 U.S.C. § 1346(b) indicate that the case must not merely be a government motor vehicle case in which a proper Attorney General's certificate has been given. It must also be a case in which a remedy is "available" under the *respondeat superior* principle, that is, where in fact the employee was acting within the scope of his office or employment and the exceptions of 28 U.S.C. § 2680 do not operate. (See S.R.No.736, 87th Cong., 1st Sess., 1961 U.S. Code Congressional and Administrative News, Vol. 2, p. 2788). The present guarded certificate, although it may suffice under 28 U.S.C. § 2679(d) to effect removal, certainly cannot preclude remand or determine the outcome of the hearing on a motion to remand contemplated by the 1961 Act. Until that issuable point of fact is set at rest with finality the case,

---

* An amount paid by the government's servant in settlement of a claim made against him, accordingly was credited against damages recovered against the Government. United States v. First Sec. Bank of Utah, 10th Cir. 1953, 208 F.2d 424, 42 A.L.R.2d 951.

cannot be dismissed. Alternative relief, a stay or consolidation, is not, certainly at this time, appropriate.

Accordingly, it is

Ordered that the motion to dismiss be and it hereby is denied.