## Mellinger v. Littlefield

*George E. Christianson*, of *Lewis, Brubaker, Whitman & Christianson*, for plaintiff.

*Robert C. Rowe,* of *Spitler, Rowe, Silberman & Kilgore,* for defendant.

*Thomas A. Ehrgood,* of *Ehrgood & Ehrgood,* and *Richard B. Wickersham,* of *Metzger, Wickersham, Knauss & Erb,* for garnishee.

GATES, P. J., June 22, 1971.—This case raises certain questions as to procedure and evidence in garnishment proceedings under the attachment execution rules adopted by the Pennsylvania Supreme Court in 1960.

Plaintiff, having obtained a judgment in trespass against defendant Littlefield in the amount of $49,633, issued an attachment execution and served the garnishee, National Emblem Insurance Company, and, on the same day, caused interrogatories to be served upon the garnishee. Plaintiff's second and third interrogatories ask the company if it had a contract of liability insurance wherein defendant Littlefield was the insured and in the event of such contractual relationship to attach a copy of the policy to the answer.

The garnishee admitted having a policy of liability insurance wherein Littlefield was the insured, and it did attach a copy to the answer.

Plaintiff's fourth interrogatory asks the garnishee to state the amount of proceeds that are due and owing as a result of the judgment against Littlefield in this case. Garnishee answered by stating that there were no proceeds due.

The garnishee, under a heading of new matter, alleges that at the time of the accident Littlefield was operating a two and one-half ton Keiser truck owned by the United States Army and that at the time Littlefield was a member of the Army and was so occupied. Plaintiff admits this allegation.

Also under new matter, garnishee alleges that, at

the time of the accident, Littlefield was operating a non-owned automobile as described in the policy and was using the non-owned vehicle at a time when he was employed or otherwise engaged in another business or occupation of Littlefield which is excluded from coverage under the terms of the policy. Plaintiff admits that Littlefield was operating a non-owned automobile but denied that he was engaged or otherwise employed in any other business or occupation.

Garnishee also avers under new matter that plaintiff's complaint should have been asserted under the Federal Tort Claims Act of June 25, 1948, 62 Stat. 982, 28 U.S.C. §§2671 et seq., and, consequently, the proceedings against Littlefield were null and void. Plaintiff admits that they could have asserted a claim against the United States but denies that this fact makes the instant proceedings null and void.

Finally, the garnishee avers that Littlefield was neither operating an owned automobile nor a non-owned automobile as such terms are defined within the policy, and, as a consequence, no insurance is afforded to him, and the garnishee is, therefore, not liable under the terms of the policy for any judgment against Littlefield and in favor of plaintiff.

Subsequently, plaintiff filed a motion for a summary judgment alleging that the new matter fails to state a defense in that it does not assert facts sufficient to show the garnishee is not liable on the contract, and in support thereof incorporates by reference the testimony of Littlefield given at the trial on the merits of the case between the plaintiff and the defendant.

Pa. R. C. P. 3145 provides for the procedure for the enforcement of judgments by attachment execution against a garnishee. Subparagraph (a) of the rule provides that "The procedure between the plaintiff and the garnishee shall, as far as practicable, be the same

as though the interrogatories were a complaint and the answer of the garnishee were an answer in assumpsit."

The rule further provides, in subparagraph (b), that the garnishee in his answer under the heading of new matter may include:

"(1) the defenses of the immunity or exemption of property;

"(2) any defense or counterclaim which he could assert against the defendant if sued by him but he may not assert any defense on behalf of the defendant against the plaintiff or otherwise attack the validity of the attachment;

"(3) any claim which he could assert against the plaintiff if sued by him."

The rights of a plaintiff in an attachment execution on an insurance policy rise no higher than the rights of the insured defendant against the insurer-garnishee: Vrabel v. Scholler, 369 Pa. 235. Therefore, the plaintiff must plead and prove a case of liability on the part of the insurer to the defendant. In that case, the procedure between plaintiff and the garnishee shall, as far as practicable, be the same as though the interrogatories were a complaint, and the answer of the garnishee was an answer in assumpsit. Since the interrogatories stand in the place of a complaint, they must contain facts sufficient to show liability of defendant.

We recognize that the specific provisions relating to interrogatories prohibit an exact conformity to the pleading rules as in an action of assumpsit. But, where the interrogatories and the answers constitute an unqualified admission that the garnishee is holding property of the judgment debtor, a motion for judgment on the pleadings is proper. Contrarily, where the answer and the new matter either do not contain such unequivocal admissions or deny that the garnishee is in

possession of property of the judgment debtor, a motion for judgment on the pleadings is not proper, and the issue must be further litigated. Such is the case before us.

In the instant case, we perceive an admixture of factual and legal issues. The garnishee contends that while it did insure defendant, coverage is excluded, because, at the time of the accident giving rise to the judgment, the insured was operating a non-owned automobile while employed or engaged in the occupation of the insured. On the other hand, plaintiff denies that Littlefield was engaged or otherwise employed in any business or occupation. Exclusion H(2) of the policy excludes the insured from coverage while operating a non-owned automobile while engaged in his employment. Plaintiff admits that the insured was operating a non-owned motor vehicle but denies that he was engaged in his employment or occupation but alleges that he was engaged in a personal matter unrelated to his employment. These averments, therefore, raise an issue of fact which must be resolved at the trial on the merits.

The garnishee also alleges that the policy agreement does not apply, because the insured was operating an automobile that was furnished for his "regular use" and, therefore, excluded under the terms of the policy as defined in part one thereof, subparagraph (d) of the definitions of the automobiles covered by the policy. This allegation is denied by plaintiff in his answer to the garnishee's new matter. Again, we have a combination of factual and legal issues.

In the first place, the legal issues are far from clear. Garnishee cites a case in support of its contention that a motor vehicle that has been assigned to a soldier or his unit is furnished for the soldier's "regular use" as intended by the drafters of the insurance policy,

and, therefore, coverage is excluded: Voelker v. Travelers Indemnity Company, 206 F. 2d 275. Garnishee also relies on Commercial Insurance Company of Newark, N. J. v. Gardner, 233 F. Sup. 884, and Kern v. Liberty Mutual Insurance Company. 398 F. 2d 958.

On the other hand, our independent research has disclosed that the expression "regular use" as employed in automobile liability policies providing that the "drive other cars" coverage should not apply while insured was driving another automobile furnished for regular use to the insured is inapplicable where the use to which the vehicle was being put was not the principal use for which it was furnished but a casual or incidental use: Pacific Automobile Ins. Co. v. Lewis, District Court of Appeals, Fourth District, California, 132 P. 2d 846.

Certainly, the legal question is not as clear as is suggested by both counsel in their briefs. See 173 A.L.R. 901.

Furthermore, there are other factual issues raised by the interrogatories, answer, new matter and reply to new matter. While it is true that plaintiff has attached a partial transcript of the testimony taken at the trial in the trespass action and employs it as the basis of his factual position, garnishee argues that it is neither bound by this testimony nor is it sufficient to support a summary judgment, and it should have an opportunity to produce additional evidence. We agree.

In legal contemplation and as a practical matter, the garnishment proceeding is procedurally the same as if the insured were suing the insurer in assumpsit for breaching the policy of insurance. The answers to the interrogatories and the new matter contained therein constitute an effective denial of liability on the basis that there was no coverage under the facts. The

garnishee should have an opportunity to fully develop these facts. Of course, it is not bound by the self-serving testimony of the insured at the trial on the merits where the issues were entirely different, and the insurer could not have properly entered as a party litigant to develop the facts necessary to support its contention. It should now be given the opportunity to do so.

In passing, we merely note that there is no merit to the contention of the garnishee that these proceedings are null and void, because plaintiff has filed suit against the United States Government as defendant's employer. It is only a judgment against the government that bars a claim by the same plaintiff against the employe: 62 Stat. 984, 28 U.S.C. §2626; Adams v. Jackel, 220 F. Supp. 764.

There is no principle more settled in our law than that a motion for summary judgment on the pleadings may not granted, unless the record clearly supports the moving party's right thereto. Shaull v. A. S. Beck New York Shoe Co., Inc., 369 Pa. 112. Such is not the case here. Therefore, we will make the following

### ORDER

.And now, to wit June 22, 1971, plaintiff's motion for a summary judgment is refused.