■ MARGARET M. NOBEL et al., Appellants-Respondents, v DOMENICO AMBROSIO et al., Defendants, and BURT ABEL et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants, et al., Third-Party Defendants.—In a medical malpractice action to recover damages for personal injuries, etc., (1) the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (McInerney, J.), dated June 28, 1984, as denied their motion for partial summary judgment against the defendant Smithtown General Hospital with respect to the issue of that defendant's liability for the malpractice of the defendant Dr. Domenico Ambrosio, and (2) the defendants third-party plaintiffs (hereinafter the cross appellants) cross-appeal from so much of the same order, as denied that portion of their cross motion which sought dismissal of the plaintiff's complaint and partial summary judgment on their cross claims for indemnification as against the defendants Domenico Ambrosio, Attilo Spadafora, Augusto Alinea, Reinoldo R. Gutierrez and Francesco Pini, individually and doing business as Smithtown Anesthesia Associates.

Order affirmed insofar as appealed from, without costs or disbursements.

This medical malpractice action was commenced on behalf of the infant plaintiff who, when she was five years old, underwent an appendectomy during which it is alleged that she sustained serious and permanent brain damage as a result of anoxic encephalopathy secondary to the anesthesia administered during the operation. The complaint alleged, *inter alia,* that the cross appellants held themselves out as specialists in anesthesiology and rendered medical care to the infant plaintiff. The plaintiffs settled their action against the defendants Dr. Ambrosio, Smithtown Anesthesia Associates and the parties sued here as third-party defendants. The written agreement, dated April 18, 1980, provided for a structured settlement and specifically stated that the payments thereunder were not to be deemed an admission of guilt of any malpractice which was the subject of the lawsuit. A compromise order (Thom, J.), was signed on May 23, 1980, approving the settlement and providing that the action as against the cross appellants was severed and continued.

The plaintiffs moved, *inter alia,* for partial summary judgment determining that Smithtown General Hospital (hereinaf-

ter the hospital) was vicariously liable for the malpractice of the anesthesiologist, Dr. Ambrosio, since there is no dispute as to the relationship between them, i.e., even though Dr. Ambrosio was an independent contractor, he was assigned to the infant plaintiff by the hospital and was not independently retained by the patient. The cross appellants cross-moved, *inter alia,* for summary judgment dismissing the plaintiffs' complaint as to them on the ground that a primary physician-patient relationship was established between the infant plaintiff and Dr. Ambrosio as a private physician retained by her parents. Therefore, the cross appellants argued, the hospital would not be vicariously liable for the negligent acts, if any, of the anesthesiologist. With respect to the cross appellants' cross claims for indemnification against the remaining code-fendant doctors, the cross appellants sought partial summary judgment against the doctors who settled with the plaintiffs, on the theory that, if the plaintiffs succeed in their derivative claim against the hospital, the cross appellants would then be entitled to indemnification from the primary tort-feasor, Dr. Ambrosio.

Special Term denied the relief requested by the parties on the ground that, as no determination had been made or could have been made at that time as to whether Dr. Ambrosio was an employee or an independent contractor, a question of fact remained which required a trial. We are in accord with Special Term's reasoning. As was stated in *Felice v St. Agnes Hosp.* (65 AD2d 388, 396), "[w]hether a person is an 'employee' or an 'independent contractor' is an ultimate fact to be determined from the evidence itself. It may be called a conclusion to be drawn from the contact itself, the attitude of the parties toward each other, the nature of the work *and all relevant circumstances (see, Review Bd. of Unemployment Compensation Div. of Dept. of Treasury v Mammoth Life & Acc. Ins. Co.,* 111 Ind App 660)." (Emphasis in original.)

Certainly one of the primary "relevant circumstances" should be the nature and scope of the alleged malpractice on the part of Dr. Ambrosio since the plaintiffs are seeking an adjudication of the hospital's vicarious liability therefor. While the parties herein have conducted discovery proceedings *(cf. Felice v St. Agnes Hosp., supra),* their claims that undisputed facts warrant the granting of summary judgment are unfounded. Neither doctors' affidavits nor any hospital or medical records were submitted which would enable the court to determine the nature and scope of Dr. Ambrosio's alleged malpractice. The complaint contains only generalized state-

ments, and the settlement agreement, in addition to its failure to describe the nature of the alleged malpractice, states that payments made thereunder are not to be deemed as an admission that the settling doctors were guilty of malpractice. It is clear that, absent competent evidence of *"relevant circumstances" (Felice v St. Agnes Hosp., supra,* p 396), the question of Dr. Ambrosio's status and relationship with the hospital can only be determined after trial.

The hospital's argument that the settlement and discontinuance of the plaintiffs' action with respect to the defendant Dr. Ambrosio effectively bars any action against it based upon vicarious liability for Dr. Ambrosio's alleged negligence and malpractice is without merit *(see, Riviello v Waldron,* 47 NY2d 297). We reiterate that the infant's compromise order specifically severed and continued the plaintiffs' action as against the hospital and the other cross appellants, and that the settlement agreement itself contains a disclaimer of any admission of malpractice by the settling doctors. In the event it is shown that Dr. Ambrosio's relationship with the hospital was either as an employee or as an independent contractor performing services that the hospital had undertaken to perform, the hospital, being vicariously liable for any affirmative acts of negligence on his part *(see, Mduba v Benedictine Hosp.* 52 AD2d 450), would then have the right to indemnification. However, at this stage in the proceedings, absent a determination of the doctor's actual status and relationship with the hospital, summary judgment on the cross claim for indemnification is not appropriate. Thompson, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.