**Joseph BRANCH, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. CV 90–3149.**

United States District Court,
E.D. New York.

Dec. 20, 1991.

Bauman & Kunkis, P.C. by Bert Kunkis, New York City, for plaintiff.

Andrew J. Maloney, U.S. Atty. by Annemarie P. McAvoy, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In the above-referenced action, Joseph Branch ("plaintiff") sues the United States ("defendant") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.* Currently before the Court is defendant's motion to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure. After a brief statement of the background facts, the Court will turn to address defendant's motion.

## BACKGROUND

On February 18, 1988, Andrez Neville ("Neville"), a Veterans Administration ("VA") employee, and plaintiff were involved in an automobile accident. Based on that occurrence, plaintiff sustained injuries, and thereafter commenced a state court action against Neville. The parties to that suit reached a settlement on December 12, 1989, which resulted in plaintiff receiving $90,000 from Neville's insurer. Thereafter, plaintiff commenced the instant action against defendant pursuant to the FTCA. More particularly, plaintiff alleges that Neville was operating his vehicle while in the scope of his employment with the VA hospital in Northport, New York and that the release entered into with Neville constituted a set-off, rather than a bar, to a later recovery against the United States, Neville's employer.

Defendant argues that the current action is barred by the doctrine of res judicata, and alternatively argues that the Court lacks subject matter jurisdiction in any event. On the other hand, plaintiff relies on New York law to support the proposition that he may proceed against defendant as a joint tortfeasor, and that the amount he received in settlement from Neville will act as a set-off to any further recovery. It is to be noted that the release executed by plaintiff and Neville states on its face that

the payment was a "full and final settlement of claim."

## DISCUSSION

Pursuant to the FTCA, the United States is subject to suit for, *inter alia,* certain tort claims arising from the negligence of federal employees. *See* 28 U.S.C. §§ 1346(b), 2675(a). Normally, the FTCA contemplates that an action be commenced against the United States as the named defendant, thereby precluding suit against the individual employee, or that the United States be substituted as defendant in place of the employee where the employee is sued personally and notifies the government of the suit. *See* 28 U.S.C. § 2679.

In the case at bar, plaintiff opted to sue Neville personally in state court, and accepted a settlement offer thereafter. It is to be noted that the FTCA does not specifically provide for a cause of action against the United States following the resolution of an action against a federal employee based on the same occurrence. Plaintiff argues that under New York law, the amount received from a settling negligent employee will merely act as a set-off against any further recovery from the employer. However, in the Court's view, plaintiff fails to take into account both the purpose and the provisions of the FTCA.

As a limited waiver of sovereign immunity, the FTCA very specifically outlines the circumstances under which the United States will be liable for the negligence of its employees. *See* U.S.C. § 2679(b). Whether a suit is initially commenced against the United States, or whether the United States is substituted as the sole defendant after the commencement of a suit against the individual employee, in either case the purpose of the FTCA is to bar an action against the federal employee individually and absolve the employee from personal liability. *See* 28 U.S.C. §§ 2676, 2679(d). Simply stated, permitting plaintiff to proceed herein after having reached a settlement and released the employee would clearly fly in the face of the FTCA and simultaneously allow plaintiff to split his cause of action. In addition, and more pointedly, the procedural mechanisms provided by the Act which serve to waive sovereign immunity have not been followed. *See id.* Accordingly, defendant's motion to dismiss pursuant to Rule 12(h) of the Federal Rules of Civil Procedure must be granted.

As a further point, the Court notes that plaintiff purports to base this second action, based on the same occurrence as the prior settled action, on the negligence of Neville. Nowhere in the complaint is there an allegation of any negligence on the part of the United States. Inasmuch as any liability of the United States in an FTCA action is derivative to its employee, a settlement and release in "full and final settlement of claim" against the employee under these circumstances bars a subsequent action against the United States since plaintiff has already accepted a settlement for Neville's negligence.

Plaintiff's reliance on *Garrett v. Jeffcoat,* 483 F.2d 590 (4th Cir.1973), is misplaced. Aside from the fact that *Garrett* is clearly not binding law on this Court, it has never been relied upon in this Circuit for the result urged by plaintiff. In addition, the release executed by the plaintiff in *Garrett* explicitly reserved his rights against the United States; the release herein made no such reservation. Moreover, it appears that the plaintiff in *Garrett* filed an administrative claim pursuant to the FTCA *prior* to settling with the federal employee. In contrast, the United States in the case at bar had no notice of the occurrence until after plaintiff had settled his action against Neville. Given these distinctions and the fact that *Garrett* is not binding on this Court, its holding is unpersuasive.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss, pursuant to Rule 12 of the Federal Rules of Civil Procedure, is granted. The Clerk of the Court is directed to close the file in this case.

SO ORDERED.