■ VICTOR PACE et al., Appellants, v HAZEL TOWERS, INC., Defendant, and HOSPITAL OF ALBERT EINSTEIN COLLEGE OF MEDICINE, a Division of MONTEFIORE HOSPITAL AND MEDICAL CENTER, et al., Respondents.—Judgment of the Supreme Court, Bronx County (Howard Silver, J.), entered January 23, 1991 which, *inter alia,* dismissed the complaint as against defendant hospital at the close of plaintiffs' proof, unanimously reversed, on the law, the complaint reinstated and the action remanded for a new trial against defendant Albert Einstein College of Medicine, without costs.

The complaint alleges that plaintiff Victor Pace slipped and fell down the stairs at a residential building. He sustained injuries which, it is alleged, were compounded by the negligent administration of an injection to his right arm by individual defendant Mary Ann McNulty, a nurse in the employ of defendant hospital. Prior to trial, plaintiffs settled with defendant landlord. Just before the jury was sworn in, the action was discontinued with prejudice as against defendant nurse. Plaintiffs' counsel stated, "Your honor, after consultation with Victor and Mary Pace, we have determined that we wish to withdraw the the *[sic]* action against the nurse, Mary Ann McNulty, leaving the action against the the *[sic]* hospital of Albert Einstein College of Medicine."

At the close of plaintiffs' case, the hospital moved, pursuant to CPLR 4401, for an order dismissing the action on the grounds that 1) discontinuance against the nurse foreclosed a determination that the hospital was vicariously liable for her alleged negligence under a theory of respondeat superior and 2) no proof had been adduced that the hospital was negligent in her hiring and supervision. Supreme Court granted the motion, relying upon our decision in *Escobar v New York Hosp.* (111 AD2d 128). In *Escobar (supra),* however, the action was discontinued after the plaintiff's evidence was concluded and, under those circumstances, we held that dismissal as against certain individual employee-defendants does not preclude a finding of vicarious liability predicated on the acts of *other* individual employee-defendants (111 AD2d, *supra,* at 129).

The general rule governing a release given to an employee is stated in *Riviello v Waldron* (47 NY2d 297, 307), in which the court held that "section 15-108 of the General Obligations Law does not foreclose a plaintiff negligently injured by an employee from recovering against an employer on a theory of vicarious liability despite the plaintiff's prior execution of a release running to the negligent employee." Under circum-

stances similar to those at bar, the Appellate Division, Second Department held that discontinuance of an action against an anesthesiologist does not bar an action based upon vicarious liability against the hospital which allegedly engaged his services *(Nobel v Ambrosio,* 120 AD2d 715, 717). There, as here, the stipulation contemplated that the action would proceed as against the hospital.

Defendant hospital has stated no persuasive reason why a stipulation not to pursue an action against an employee should have any different or more extensive consequences when made immediately prior to the commencement of the trial rather than at some previous time. The rules governing stipulated settlements are calculated "to promote, rather than deter, the consensual disposition of cases" *(Riviello v Waldron, supra,* at 306-307). This purpose is not advanced by according a discontinuance any greater scope than that clearly intended by the party foregoing the right to prosecute an action. Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.