Joseph **BRANCH, Plaintiff–Appellant,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

**No. 1719, Docket 92–6006.**

United States Court of Appeals,
Second Circuit.

Argued June 10, 1992.

Decided Nov. 20, 1992.

complaint against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) (1988), 2671 (1988) *et seq.* Dismissal was premised upon a prior settlement and release between Branch and the federal employee whose allegedly negligent operation of a vehicle while acting within the scope of his government employment resulted in injury to Branch.

We reverse and remand.

## Background

On February 18, 1988, vehicles driven by Andrez H. Neville, an employee of the Veterans Administration Hospital in Northport, New York, and Branch were involved in a collision that resulted in injury to Branch. Based upon that incident, Branch commenced an action in state court solely against Neville.

The parties reached a settlement on December 12, 1989 in which Branch was paid $90,000 by Neville's insurance company. In turn, Branch released Neville, his heirs, executors, administrators, successors, and assigns from all liability, and entered into a stipulation discontinuing the state action. The insurer's check for $90,000 stated that the payment was in "full and final settlement of claim." There was no explicit reference to any claim against or liability of the United States of America in the settlement documents, but the stipulation of discontinuance recited that "no person not a party has an interest in the subject matter of the action."

On or about January 17, 1990, Branch filed a notice of claim with the Veterans Administration, as required by 28 U.S.C. §§ 2401(b) and 2675(a) (1988), based upon the accident that was the subject of the state action. The claim was denied on August 24, 1990. Branch then commenced this action in the United States District Court for the Eastern District of New York pursuant to the FTCA, claiming that the United States was liable for his injuries because Neville negligently caused the accident while acting in the course and scope of his employment by the Veterans Admin-

Frederick B. Simpson, New York City (Bauman & Kunkis, P.C., of counsel), for plaintiff-appellant.

Annemarie P. McAvoy, Asst. U.S. Atty., E.D. New York, Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Robert L. Begleiter, Asst. U.S. Atty., E.D. New York, of counsel), for defendant-appellee.

Before: CARDAMONE, WINTER, and MAHONEY, Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Joseph Branch appeals from an order of the United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge*, entered December 20, 1991 that dismissed Branch's

istration. The United States moved to dismiss the action for lack of subject matter jurisdiction, and under the doctrine of res judicata.

On December 20, 1991, the district court granted the motion to dismiss. *Branch v. United States*, 779 F.Supp. 256 (E.D.N.Y. 1991). The court ruled that "the procedural mechanisms provided by the [FTCA] which serve to waive sovereign immunity have not been followed." *Id.* at 257. The court also reasoned that because any liability of the United States derived from the negligence of its employee, "a settlement and release in 'full and final settlement of claim' against the employee under these circumstances bars a subsequent action against the United States." *Id.*

This appeal followed.

## Discussion

The jurisdictional provision of the FTCA, 28 U.S.C. § 1346(b) (1988), vests exclusive jurisdiction in the federal district courts regarding

> claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

This remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the [government] employee;" any such action against the employee "is precluded." 28 U.S.C. § 2679(b)(1) (1988).[1] "[A]ll process served upon" such an employee is to be forwarded "to the United States attorney for the district embracing

the place wherein the proceeding is brought, to the Attorney General, and to the head of his employing Federal agency." 28 U.S.C. § 2679(c) (1988). Further, "[t]he judgment in an action under section 1346(b) ... shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676 (1988).

Thus, § 2679(b)(1) provided Neville with a complete defense, which he did not invoke, against Branch's state court action. *Cf. Munson v. United States*, 380 F.2d 976, 978 (6th Cir.1967) (predicting virtually universal invocation of § 2679 protection when available). Does it follow that the government has a defense against a successor action based upon the same incident? "[I]t is significant that the [FTCA] provides with particularity [in § 2676] that a release of the United States releases the employee. The obvious inference from this specific provision is that a release of the tort feasor employee does not release the tort feasor employer, the United States, at least where rights against the United States are reserved." *Friday v. United States*, 239 F.2d 701, 703–04 (9th Cir.1957) (citing *United States v. First Sec. Bank*, 208 F.2d 424, 427–28 (10th Cir.1953)); *see also Adams v. Jackel*, 220 F.Supp. 764, 766 (E.D.N.Y. 1963).

Both *Friday* and *First Security Bank* looked to local law, in accordance with the imposition of liability upon the United States by § 1346(b) "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Friday* ruled that under Idaho law, the provision of a release by a government employee whose negligent operation of a motor vehicle in the course of his government employment injured Friday did

---

1. As originally enacted in 1961, this exclusivity provision applied only to actions for damages "resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment." Pub.L. No. 87–258, § 1, 75 Stat. 539, 539 (1961). A 1988 amendment extended exclusivity to actions "arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Pub.L. No. 100–694, § 5, 102 Stat. 4563, 4564 (1988).

not bar a subsequent action by Friday against the United States. 239 F.2d at 704-05. *First Security Bank* reached the same result under Utah law. 208 F.2d at 428.

■ Three other circuit court decisions follow this pattern; looking to local law to determine the effect, as to a successor FTCA action against the United States, of a release provided by a government employee whose allegedly negligent operation of a motor vehicle resulted in prior litigation. *See Scoggin v. United States*, 444 F.2d 74, 74-75 (10th Cir.1971) (per curiam) (no claim against United States under Oklahoma law); *Land v. United States*, 342 F.2d 785, 786 (10th Cir.1965) (per curiam) (same); *Bacon v. United States*, 321 F.2d 880, 883-84 (8th Cir.1963) (no claim against United States under Missouri law).[2] This accords with the general rule, long the law in this circuit, that the legal effect of a release upon the government's FTCA liability is to be determined by local law, following the mandate of § 1346(b). *See Montellier v. United States*, 315 F.2d 180, 185 (2d Cir.1963) (quoting and following *Rushford v. United States*, 204 F.2d 831, 832 (2d Cir.1953) (per curiam)); *see also Thompson v. Wheeler*, 898 F.2d 406, 410 n. 3 (3d Cir.1990); *Green v. United States*, 709 F.2d 1158, 1165 (7th Cir.1983); *Matland v. United States*, 285 F.2d 752, 754 (3d Cir. 1961); *Air Transp. Assocs., Inc. v. United States*, 221 F.2d 467, 471 (9th Cir.1955).

In its brief on appeal, the United States contends that Branch "has already settled with and released [Neville] and cannot recover again against the United States," citing *Henderson v. Bluemink*, 511 F.2d 399, 404 (D.C.Cir.1974), and *Adams v. Jackel*, 220 F.Supp. at 766. *Henderson*, however, says only that § 2676 "proscribes a double recovery, not a suit against the individual employee in the first instance." 511

F.2d at 404.[3] Further, *Adams* indicates the exact opposite of the proposition for which it is cited, stating that § 2676 "bars an action against the servant ... (although *the reverse is not true*, except to the extent that only a single satisfaction of judgment for the damages flowing from the tort may be had)." 220 F.Supp. at 766 (emphasis added) (citing *Moon v. Price*, 213 F.2d 794 (5th Cir.1954)).

■ We accordingly conclude that the effect of the release provided to Branch by Neville upon the FTCA liability of the United States to Branch is governed by New York law, "the law of the place where the [vehicular collision] occurred." § 1346(b). The governing rule is provided by N.Y.Gen. Oblig.Law § 15–108(a) (McKinney 1989), which provides:

When a release or a covenant not to sue or not to enforce a judgment is given to one of two or more persons liable or claimed to be liable in tort for the same injury, or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death *unless its terms expressly so provide*, but it reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipuleted [sic] by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages under article fourteen of the civil practice law and rules, whichever is the greatest.

*Id.* (emphasis added).

The New York Court of Appeals definitively construed the application of section 15–108 in the employer-employee context in *Riviello v. Waldron*, 47 N.Y.2d 297, 391 N.E.2d 1278, 418 N.Y.S.2d 300 (1979), stating: "we hold that section 15–108 of the

---

**2.** Two cases allowed a successor FTCA action against the United States when a straightforward application of local law would have evoked a contrary result, deeming the normal local rule inapplicable in the FTCA context. *See Garrett v. Jeffcoat*, 483 F.2d 590, 592-93 (4th Cir.1973); *Munson v. United States*, 380 F.2d at 978-79. We need not address such concerns. In this case, as will appear, the application of

local law in the FTCA context is clear and uncomplicated.

**3.** As a result of the 1988 amendment of § 2679(b), federal employee defendants may now generally assert a bar to "a suit against the individual employee in the first instance." *See supra* note 1.

**952**

General Obligations Law does not foreclose a plaintiff negligently injured by an employee from recovering against an employer on a theory of vicarious liability despite the plaintiff's prior execution of a release running to the negligent employee." 47 N.Y.2d at 307, 391 N.E.2d at 1284, 418 N.Y.S.2d at 305; *see also Pace v. Hazel Towers, Inc.,* 183 A.D.2d 588, 588–89, 584 N.Y.S.2d 22, 23 (1st Dep't 1992); *Nobel v. Ambrosio,* 120 A.D.2d 715, 716–17, 502 N.Y.S.2d 511, 514 (2d Dep't 1986).

■ It is irrelevant that the release provided by Branch to Neville did not expressly reserve Branch's claim against the United States. Section 15–108 precludes any discharge of the liability of the United States by Branch's release "unless its terms expressly so provide." *See Tufail v. Hionas,* 156 A.D.2d 670, 671, 549 N.Y.S.2d 436, 437 (2d Dep't 1989); *McDaniel v. Gordon,* 99 A.D.2d 826, 826–27, 472 N.Y.S.2d 420, 421–22 (2d Dep't 1984).

Thus, in accordance with section 15–108 of the General Obligations Law, Branch may pursue his claim against the United States, but the United States will be entitled to an appropriate offset for the prior settlement with Neville's insurer against any recovery achieved by Branch against the United States.

## CONCLUSION

The order of the district court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.