■ RICARDO WRIGHT, Respondent, v JAMES J. SHAPIRO et al., Individually and Doing Business as SHAPIRO AND SHAPIRO, Appellants, et al., Defendants. [828 NYS2d 736]—

Appeal from an order of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered December 22, 2005 in a legal malpractice action. The order, insofar as appealed from, denied the cross motion of defendants James J. Shapiro and James J. Shapiro, P.A., each individually and doing business as Shapiro and Shapiro, for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this legal malpractice action alleging, inter alia, that "defendants failed to act with due care in their representation of plaintiff in that defendants failed to skillfully and properly prosecute claims and allegations on behalf of plaintiff . . . ." Plaintiff did not allege that any specific employee of the law firm, Shapiro and Shapiro, was negligent, and did not limit his theory of negligence against defendants James J. Shapiro and James J. Shapiro, P.A., each individually and doing business as Shapiro and Shapiro (collectively, present defendants), to vicarious liability for the acts of allegedly negligent employees. During the course of the proceedings, plaintiff and defendant Lori J. Henkel, an associate of Shapiro and Shapiro, entered into a stipulation of discontinuance (stipulation), which stated that the action against Henkel was "settled," that the respective causes of action against Henkel were "withdrawn," and that the action against Henkel was "discontinued *on the merits with prejudice*" (emphasis added). After plaintiff moved for various relief, the present defendants cross-moved for summary judgment dismissing the complaint against them, contending that the discontinuance of the action against Henkel precluded any determination of vicarious liability against them. We conclude that Supreme Court properly denied the cross motion.

It is axiomatic that an employer cannot be held vicariously liable for the acts of an employee if there has been a determination, on the merits, that the employee was not negligent (*see Escobar v New York Hosp.*, 111 AD2d 128, 129 [1985]). Here, however, the discontinuance of the action against Henkel does not foreclose plaintiff's claims against the present defendants

for their own negligence or the negligence of other employees (*id.*). Moreover, the documents submitted by the present defendants establish that there is a triable issue of fact whether the discontinuance of the action against Henkel constituted a "settlement." Despite the present defendants' contention that the discontinuance was not the result of a settlement between Henkel and plaintiff, the stipulation states that the case against Henkel was "settled." Where a case against an allegedly negligent employee is settled, the discontinuance of the action against that employee does not preclude recovery against the employer on the theory of vicarious liability (*see Riviello v Waldron*, 47 NY2d 297, 306-307 [1979]; *Pace v Hazel Towers, Inc.*, 183 AD2d 588, 589 [1992]; *Nobel v Ambrosio*, 120 AD2d 715, 717 [1986]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.