STEVEN RACZKA et al., Appellants, v DAVID F. RAMIREZ, Defendant, and ANDREW C. BRIND'AMOUR et al., Respondents. [894 NYS2d 657]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered August 4, 2008 in a personal injury action. The order, among other things, granted the motions of defendants Andrew C. Brind'Amour, Sandra Brind'Amour, Ellicott Creek Construction, Inc., Allied Builders, Inc., and J & M Distributing Co. Inc., doing business as Certo Brothers Distributing Company, for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Steven Raczka (plaintiff) when he was struck by a vehicle owned by Andrew C. Brind'Amour (hereafter, Brind'Amour) and Sandra Brind'Amour (collectively, Brind'Amour defendants) and operated by defendant David F. Ramirez. On the day of the accident, plaintiff and other union members were picketing a construction site owned by defendant J & M Distributing Co., Inc., doing business as Certo Brothers Distributing Company (Certo). Defendant Allied Builders, Inc. (Allied) was the general contractor on the construction site, and defendant Ellicott Creek Construction, Inc. (Ellicott Creek) was a subcontractor.

Nonunion employees of Ellicott Creek were required to pass through the picket line in order to report for work at the construction site. Plaintiff was among the group of picketers that confronted one of Ellicott Creek's employees, Daryl Ragalski. Brind'Amour, in his capacity as project superintendent for Allied, was present at the gate area at that time in order to observe and photograph the status of the picketing situation. Three Ellicott Creek employees, including Ramirez, observed the situation developing between Ragalski and the picketers and ran to assist Ragalski. Ramirez was subsequently beaten and kicked in the head by two or three picketers. Brind'Amour thereafter was able to remove Ramirez from the situation and stood between the picketers and Ramirez. As the brawl continued, Brind'Amour attempted to protect Ramirez while the picketers engaged in a verbal onslaught directed at Ramirez. Upon hearing yelling behind him, Brind'Amour turned around and observed Ramirez in the driver's seat of Brind'Amour's truck, and he further observed that two Ellicott employees were attempting to remove Ramirez from the truck. In an attempt to flee from the construction site and to reach the street in order to escape from the picketers, Ramirez then drove Brind'Amour's truck through the gate at the construction site and, as he passed through the picketers, Ramirez struck plaintiff.

Ramirez subsequently pleaded guilty to unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) and reckless endangerment in the second degree (§ 120.20). During his plea allocution, Ramirez admitted that he did not have Brind'Amour's permission or consent to drive the truck and that he acted recklessly, in conscious disregard of a substantial and unjustifiable risk of serious injury to another person.

The Brind'Amour defendants, Certo and Allied moved for summary judgment dismissing the complaint and all cross

claims against them, and Ellicott Creek moved for summary judgment dismissing the complaint against it. In support of their motions, those defendants contended that they did not owe plaintiff a duty of care. They further contended that, even assuming, arguendo, that they did owe plaintiff such a duty, the actions of Ramirez constituted a superseding intervening cause that broke the causal connection between their alleged acts and omissions and the accident. We conclude that Supreme Court properly granted the motions.

"In cases arising out of injuries sustained on another's property, the scope of the . . . duty [owed by the property owner and permittees] is defined by past experience and the likelihood of conduct on the part of third persons . . . which is likely to endanger the safety of the visitor" (*Maheshwari v. City of New York*, 2 NY3d 288, 294 [2004] [internal quotation marks omitted]). Here, the unauthorized use by Ramirez of the truck owned by Brind'Amour and his reckless disregard of the risk of serious injury in driving through the picketers was not a foreseeable result of any alleged security breach. We reject plaintiffs' contention that Brind'Amour's first supplemental affidavit submitted in the action commenced by Allied seeking an injunction with respect to the unlawful picketing of the construction site may be read to contain an admission that physical assaults had been occurring at the work site for two days prior to the date of the accident. Rather, Brind'Amour's affidavit was submitted to provide a historical and cumulative representation of the events at the construction site beginning two days prior to the date of the accident. Thus, we conclude that Certo, Allied and Ellicott Creek owed no duty to protect plaintiff from the indiscriminate and spontaneous actions of Ramirez (*see id.*).

In any event, even assuming, arguendo, that Certo, Allied and Ellicott Creek owed a duty of care to plaintiff and breached that duty, we conclude that plaintiff's injuries were not the result thereof but, instead, were caused by Ramirez's independent and intervening criminal actions. Those actions were "extraordinary and not foreseeable or preventable in the normal course of events" (*id.* at 295).

We reject plaintiffs' further contention that the Brind'Amour defendants are liable for Ramirez's actions pursuant to the "key in the ignition" statute (*see* Vehicle and Traffic Law § 1210). That statute provides an exception to the common-law rule that "the owner of a stolen vehicle [is] not liable, as a matter of law, for the negligence of a thief" (*Epstein v Mediterranean Motors*, 109 AD2d 340, 343 [1985], *affd* 66 NY2d 1018 [1985]). That exception, however, applies only to vehicles on

public highways, on private roads open to public vehicle traffic and in parking lots (*see* Vehicle and Traffic Law § 1100 [a]; *Epstein*, 109 AD2d at 343-344). Here, the record establishes that the unauthorized use by Ramirez of Brind'Amour's truck occurred when the truck was located inside the gate to the construction site, which constituted private property. Inasmuch as we conclude that there is no basis upon which to impose liability against the Brind'Amour defendants for Ramirez's unauthorized use of the truck, we further conclude that there is no basis upon which to impose vicarious liability against Allied for the conduct of Brind'Amour in the course of his employment with Allied (*see Wright v Shapiro*, 35 AD3d 1253, 1254 [2006]).

Finally, we reject plaintiffs' contention that Ellicott Creek is vicariously liable for the criminal acts of Ramirez, its employee (*see generally Adams v New York City Tr. Auth.*, 211 AD2d 285, 286, 297 [1995], *affd* 88 NY2d 116 [1996]). Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.