# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1391.1**
**CA 12-00263**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

RICARDO WRIGHT, PLAINTIFF-RESPONDENT,

V                                                   MEMORANDUM AND ORDER

JAMES J. SHAPIRO, JAMES J. SHAPIRO, P.A.,
DEFENDANTS-APPELLANTS,
CHIKOVSKY & ASSOCIATES, P.A., ET AL., DEFENDANTS.

---

GOLDBERG SEGALLA LLP, ROCHESTER (PATRICK B. NAYLON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

BANSBACH ZOGHLIN P.C., ROCHESTER (JOHN M. BANSBACH OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Harold
L. Galloway, J.), entered October 27, 2011. The order, insofar as
appealed from, denied the motion of defendants James J. Shapiro and
James J. Shapiro, P.A., for summary judgment dismissing the second
amended complaint against them.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, the motion of
defendants James J. Shapiro and James J. Shapiro, P.A. is granted, and
the second amended complaint is dismissed against those defendants.

Memorandum: James J. Shapiro and James J. Shapiro, P.A.
(defendants) appeal from an order denying their motion for summary
judgment dismissing the second amended complaint against them and
granting plaintiff's cross motion to compel the deposition of James
Shapiro. We note at the outset that, although defendants' notice of
appeal is from the order in its entirety, they do not address
plaintiff's cross motion in their brief and thus, as limited by their
brief, are deemed to have appealed only from the denial of their
motion. We further note that the appeal taken by defendant Chikovsky
& Associates, P.A. has been deemed abandoned and dismissed by its
failure to perfect the appeal in a timely fashion (*see* 22 NYCRR
1000.12 [b]).

We agree with defendants that Supreme Court erred in denying
their motion. By establishing that plaintiff could not have prevailed
in his underlying personal injury action, defendants met their initial
burden of establishing their entitlement to summary judgment with
respect to the first cause of action against them, for legal
malpractice (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8

NY3d 438, 442), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  We note that the court erred in concluding, based on our decision in *Wright v Shapiro* (16 AD3d 1042), that the doctrine of law of the case precluded summary judgment following discovery.  Furthermore, plaintiff's theory of liability premised on respondeat superior is barred by his discontinuation of that action on the merits against the employee, thus eliminating the triable issue of fact we discussed in our subsequent decision in *Wright v Shapiro* (35 AD3d 1253). Therefore, the court should have granted defendants' motion with respect to the first cause of action in that regard (*see Town of Angelica v Smith*, 89 AD3d 1547, 1549-1550).

Inasmuch as the second cause of action is premised upon the legal malpractice cause of action, which we are hereby dismissing against defendants, we further conclude that the court erred in denying defendants' motion with respect to the second cause of action against them.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court