Shenoy v Health (2018 NY Slip Op 04870)





Shenoy v Health


2018 NY Slip Op 04870


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND NEMOYER, JJ.


556 CA 17-01952

[*1]SADASHIV S. SHENOY, M.D., PLAINTIFF-RESPONDENT,
v
KALEIDA HEALTH, ET AL., DEFENDANTS, UB/MD, INC., DOING BUSINESS AS UB MD NEUROLOGY AND/OR JACOBS NEUROLOGIC INSTITUTE, AND ROBERT N. SAWYER, JR., M.D., DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 






BOND, SCHOENECK & KING, PLLC, BUFFALO (STEPHEN A. SHARKEY OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
GARVEY & GARVEY, BUFFALO (MATTHEW J. GARVEY OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered March 2, 2017. The order denied the motion of defendants UB/MD, Inc., doing business as UB MD Neurology and/or Jacobs Neurologic Institute and Robert N. Sawyer, Jr., M.D., to dismiss plaintiff's complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the first, fourth, and fifth causes of action and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action alleging, inter alia, causes of action for defamation, injurious falsehood, and tortious interference with business relations against defendant Robert N. Sawyer, Jr., M.D. Plaintiff also asserted a cause of action for defamation against defendant UB/MD, Inc., doing business as UB MD Neurology and/or Jacobs Neurologic Institute (Jacobs). The cause of action against Jacobs alleges that it is liable on a theory of respondeat superior for purportedly defamatory statements made by Sawyer and defendant Ralph Benedict, M.D. Sawyer and Jacobs (defendants) now appeal from an order that denied their motion to dismiss the complaint against them.
Contrary to defendants' contention, the court properly denied their motion insofar as it sought to dismiss the tortious interference claim against Sawyer (see Smith v Meridian Tech., Inc., 52 AD3d 685, 686-687 [2d Dept 2008]). We agree with defendants, however, that Sawyer's allegedly defamatory statements constitute expressions of pure opinion and are therefore not actionable (see Mann v Abel, 10 NY3d 271, 276 [2008], cert denied 555 US 1170 [2009]; Steinhilber v Alphonse, 68 NY2d 283, 289 [1986]; Balderman v American Broadcasting Cos., 292 AD2d 67, 72-73 [4th Dept 2002], lv denied 98 NY2d 613 [2002]). We likewise agree with defendants that Sawyer's "expression of opinion . . . cannot serve as the basis for plaintiff's injurious falsehood claim" (Vitro S.A.B. de C.V. v Aurelius Capital Mgt., L.P., 99 AD3d 564, 565 [1st Dept 2012], lv denied 21 NY3d 852 [2013]). The court therefore erred in denying the motion insofar as it sought to dismiss the defamation and injurious falsehood claims against Sawyer, and we modify the order accordingly.
Our dismissal of the defamation claim against Sawyer, along with our prior dismissal of the defamation claim against Benedict (Shenoy v Kaleida Health, 158 AD3d 1323, 1323-1324 [4th Dept 2018]), necessarily requires the dismissal of the defamation claim against Jacobs inasmuch as "an employer cannot be held vicariously liable for the acts of an employee if there [*2]has been a determination, on the merits, that the employee [is] not [liable]" for those acts (Wright v Shapiro, 35 AD3d 1253, 1254 [4th Dept 2006]; see Escobar v New York Hosp., 111 AD2d 128, 129 [1st Dept 1985]). We thus agree with defendants that the court additionally erred in denying their motion insofar as it sought to dismiss the defamation claim against Jacobs, and we therefore further modify the order accordingly.
In light of our determination, defendants' remaining contentions are academic.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court