■ GERTRUDE SHORT, Individually and as Mother and Natural Guardian of KAREN SHORT, an Infant, et al., Appellants, v LOWELL RAPPING et al., Respondents. — In a medical malpractice action, plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Dickinson, J.), entered November 12, 1981, which is in favor of defendants (1) upon the trial court's dismissal of the complaint as against defendant Eisler at the close of the plaintiffs' case and (2) upon a jury verdict in favor of defendants Rapping and Freedman. Judgment modified, on the law, by deleting the provision which dismissed the complaint as against defendant Eisler. As so modified, judgment affirmed, without costs or disbursements, and, as between plaintiffs and defendant Eisler, action severed and new trial granted. The trial court erred in granting defendant Eisler's motion, made at the close of the plaintiffs' case, to dismiss the complaint as against him for failure to establish a prima facie case. The medical malpractice panel, convened pursuant to section 148-a of the Judiciary Law, had made a unanimous recommendation of liability as against Dr. Eisler and his codefendants; the panel's findings were admitted into evidence. In addition, the testimony of Dr. Sperling, the doctor member of the panel, established both liability and proximate cause. Dr. Sperling testified, on the assumption that plaintiff Karen Short was suffering from general peritonitis, that Dr. Eisler's surgical procedure was faulty and directly led to the need for subsequent surgery (to drain a second abscess) which would otherwise not have been necessary. Defendants have contended that Dr. Sperling's assumption was incorrect. It is for the jury, however, to determine the correctness of such an assumption and to weigh the conflicting expert medical testimony. As the complaint against Dr. Eisler was dismissed at the close of the plaintiffs' case, plaintiffs are entitled to have the proof considered in the light most favorable to them and to have the benefit of the reasonable inferences to be drawn from the proof (see *Calvaruso v Our Lady of Peace R. C. Church,* 36 AD2d 755). The judgment in favor of defendants Rapping and Freedman is affirmed. Plaintiffs do not contend that the jury verdict in favor of those defendants was against the weight of the evidence. We do not find that the dismissal of the case against defendant Eisler, coupled with allegedly prejudicial remarks made by defense counsel, served to taint plaintiffs' case against defendants Rapping and Freedman. O'Connor, J. P., Bracken, Rubin and Boyers, JJ., concur.