■ JAMES H. BRAUN et al., Appellants, v STEPHEN D. RYCYNA et al., Defendants, and MILLARD FILLMORE SUBURBAN HOSPITAL, Respondent. (Appeal No. 1.) — Order unanimously reversed, with costs, judgment entered thereon vacated, defendant Millard Fillmore Suburban Hospital's motion denied and

new trial granted. Memorandum: On August 4, 1979 plaintiff James Braun fell 15 feet from a ladder. He landed on his feet on a concrete surface. He sought treatment in the emergency room of defendant hospital where multiple X rays were taken of each of his ankles. No X rays were taken of plaintiff's right foot or heel. His injury was diagnosed by the emergency room physician as a fractured right ankle. He was advised to consult an orthopedic specialist and he was given the X-ray pictures and his medical records for that purpose. Immediately thereafter he consulted defendant Dr. Rycyna, an orthopedic surgeon, who applied a walking cast to repair the ankle fracture. Dr. Rycyna took no additional X rays. On September 20, 1979 Dr. Rycyna removed the walking cast, and an X ray then taken of his right ankle showed the facture to be healed. Despite plaintiff's continued complaints of pain in his right foot, Dr. Rycyna never ordered X rays of the foot. Finally plaintiff consulted another physician who ordered additional X rays which revealed a fracture of the right heel. After use of an orthopedic shoe failed to relieve plaintiff's pain, plaintiff underwent a bone fusion surgical procedure in January, 1981. While the surgery reduced plaintiff's pain, it also resulted in a shortening of his leg. ¶ The medical malpractice panel unanimously recommended a finding of liability against all defendants. The panel's medical member testified to the panel's opinion that the limited X-ray procedure· performed at defendant hospital was inadequate and that it was a deviation from accepted medical practice and was a proximate cause of plaintiff's subsequent injury. ¶ At the close of plaintiff's proof, the trial court granted defendant hospital's motion to dismiss plaintiff's action against it on the ground that plaintiff failed to show that the hospital's negligence was the proximate cause of plaintiff's subsequent injuries. That was error. Plaintiff was entitled to a view of the evidence most favorable to his case (see *Monahan v Weichert*, 82 AD2d 102) and there was a rational basis on which the jury could have rendered a verdict in favor of plaintiff against defendant hospital (see *Rhabb v New York City Housing Auth.*, 41 NY2d 200). The panel's unanimous recommendation, bolstered by the expert opinion of its medical member, required that the case against the hospital be submitted to the jury (see *Short v Rapping,* 91 AD2d 1018; *Lipsius v White,* 91 AD2d 271). ¶ The jury returned a no cause of action verdict in favor of Dr. Rycyna and defendant Western New York Orthopedic Group, P. C. While it may be that the verdict was not against the weight of the evidence, it would be highly unfair to exclude these defendants from the retrial of this case (see *Nicholas v Reason,* 84 AD2d 915). Plaintiff's theory of liability against all defendants was that of a misdiagnosis caused by failure to take appropriate X-ray pictures. Obviously the court's determination as a matter of law that the failure of the hospital to take such X rays was not a proximate cause of plaintiff's injuries had a distinct bearing on whether similar failures of the other defendants could have been the proximate cause of those injuries. Accordingly, in the interest of justice, a new trial is granted against all defendants. ¶ Finally, whether the hospital is liable for the actions of its emergency room physician is a question of fact to be resolved by the jury. (*Felice v St. Agnes Hosp.,* 65 AD2d 388; *Mduba v Benedictine Hosp.,* 52 AD2d 450). ¶ Since a new trial is necessary, we perceive no need to address other issues presented on appeal. (Appeal from order of Supreme Court, Erie County, Ostrowski, J. — malpractice.) Present — Dillon, P. J., Doerr, Boomer, O'Donnell and Schnepp, JJ.