■ CHARLES DUNAWAY et al., Respondents-Appellants, v STATEN ISLAND HOSPITAL et al., Respondents, and MICHAEL MONACO et al., Appellants-Respondents, et al., Defendants.— In a medical malpractice action, the defendants Michael Monaco and Joseph D'Agostino appeal, as limited by their brief, from so much of a resettled judgment of the Supreme Court, Richmond County (Sullivan, J., on the resettled judgment; Amann, J., at trial), dated July 17, 1985, as, upon a jury verdict, was in favor of the infant plaintiff and against them in the principal sum of $3,000,000, and the plaintiffs cross-appeal from so much of the same resettled judgment as dismissed Mary Dunaway's cause of action asserted on her own behalf and granted judgment to the defendants Staten Island Hospital and Louis A. Greco against them.

Resettled judgment reversed insofar as appealed from by the defendants Michael Monaco and Joseph D'Agostino, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial granted on the issue of damages only, unless within 20 days after service upon the plaintiffs of a copy of the order to be made hereon, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Richmond County, a written stipulation consenting to reduce the verdict as to the damages against the defendants Monaco and D'Agostino to the principal sum of $1,500,000, and to the entry of an amended resettled judgment accordingly. In the event that the plaintiffs so stipulate, then the resettled judgment, as so reduced and amended, is affirmed insofar as appealed from by the defendants Monaco and D'Agostino, without costs or disbursements. The findings of fact as to liability are affirmed.

Resettled judgment affirmed insofar as appealed from by the plaintiffs, without costs or disbursements.

Although there was conflicting expert testimony, the jury's resolution of the disparities and evaluation of the experts' credibility in finding liability must prevail where the testimony is not incredible as a matter of law (see, *Taype v City of New York*, 82 AD2d 648, *lv denied* 55 NY2d 608; *Felt v Olson*, 51 NY2d 977).

The only evidence of the hospital's negligent delay in having an operating room prepared for a Caesarian-section delivery was the unanimous finding of a medical malpractice panel (Judiciary Law § 148-a). Although one of the panel doctors took the stand to introduce its finding, he gave no testimony nor was there any other evidence to show any delay on the part of the hospital in preparing an operating room. It is well settled that the finding of a medical malpractice panel is not binding upon the trier of fact and that it is not conclusive as to the issue of liability at trial (see, *Lipsius v White*, 91 AD2d 271, 278). In sum, the role of the panel is not to supplant the trier of fact. "To impute to the Legislature a purpose to constrain the freedom of jury consideration by substituting. therefor, to any extent, the professional judgment of the panel members, and with that objective to insulate their recommendation from the scrutiny of cross-examination, would be to attribute to the Legislature an intention to enact legislation of dubious constitutional validity" (*Bernstein v Bodean*, 53 NY2d 520, 527). Thus, the unanimous finding of a medical malpractice panel "can never be the sole basis for the entry of a judgment" (*Comiskey v Arlen*, 55 AD2d 304, 311, *affd* 43 NY2d 696). In view of the absence of any proof of delay on the part of the defendant hospital, other than the finding of the malpractice panel, or of any evidence whatsoever of proximate cause, Special Term correctly refused to submit the issue to the jury (cf. *Braun v Rycyna*, 100 AD2d 721 [where the panel's unanimous recommendation, bolstered by the expert opinion of its medical member, required that the case against the hospital be submitted to the jury]; *Short v Rapping*, 91 AD2d 1018 [where the medical member of the panel also testified and establish both liability and proximate cause]).

The plaintiff Mary Dunaway's cause of action for loss of services was properly dismissed as time barred because it was commenced beyond the three-year Statute of Limitations for medical malpractice claims relating to events occurring before July 1, 1975 (CPLR 214 [6]). The "continuous treatment" doctrine which extended the infant's time to commence an

action does not apply to her mother's derivative claim (see, Wenthen v Metropolitan Transp. Auth., 95 AD2d 852, 853).

The verdict was excessive to the extent indicated. Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.