■ CAROL A. GUILLARI et al., Appellants, v ROBERT J. GORM-

LEY, Respondent.—Judgment unanimously affirmed without costs. Memorandum: A unanimous recommendation of liability by a medical malpractice panel cannot serve as the sole basis for a jury finding of liability *(Dunaway v Staten Is. Hosp.,* 122 AD2d 775, 776; *Comiskey v Arlen,* 55 AD2d 304, 311, *affd* 43 NY2d 696) and cannot serve as a substitute for the expert medical testimony essential to a prima facie case *(Gross v Friedman,* 138 AD2d 571). There must be some expert medical testimony, by the medical panel member or otherwise, that there was a deviation from accepted medical practice and that the deviation was a proximate cause of plaintiff's injuries and damages *(see, Braun v Rycyna,* 100 AD2d 721; *Short v Rapping,* 91 AD2d 1018). Here, plaintiff presented no medical testimony that the surgical overcorrection of her ptosis condition constituted a deviation from accepted medical practice or that the herpetic infection (ulcer) of her cornea was the result of defendant's surgical procedure or treatment. Although the medical member of the malpractice panel testified that the failure to use a protective contact lens on plaintiff's eye during surgery was a deviation from acceptable practice, that physician further testified that the hospital records did not reveal that plaintiff suffered any abrasion injury prior to her discharge and that no conclusion was reached regarding a causal relationship between the deviation and the injury. Plaintiff, by failing to submit any medical testimony as to proximate cause, did not establish a prima facie case *(see, McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20, 24; *Monahan v Weichert,* 82 AD2d 102, 105-107), and dismissal of the action upon the close of plaintiff's case was proper (CPLR 4401; *Gross v Friedman, supra).* (Appeal from judgment of Supreme Court, Niagara County, Mintz, J.—medical malpractice.) Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.