■ LINDA FACKLAM et al., Respondents, v E. W. ROSNER, Respondent, and DEGRAFF MEMORIAL HOSPITAL, Appellant. (Appeal No. 1.)—Judgment and order unanimously reversed on the law without costs and new trial granted, in accordance with the following memorandum: The trial court erred in ruling that, as a matter of law, defendant hospital was vicariously liable for the negligence of radiologists who provided services at the hospital. The hospital contracted with Dr. Karl Bergmann to operate the hospital's radiology department. The contract defined the status of Bergmann and his partner as independent contractors. The hospital billed for all X-ray services and paid specified sums to the radiologists without the usual Social Security and other withholdings made in the case of employees. Whether the hospital had control in fact or could be held vicariously liable based upon principles of apparent or ostensible agency were questions of fact for the jury (Braun v Rycyna, 100 AD2d 721; see also, Hill v St. Clare's Hosp., 67 NY2d 72; Nobel v Ambrosio, 120 AD2d 715; Lanza v Parkeast Hosp., 102 AD2d 741). Special Term, in concluding that vicarious liability had been established as a matter of law, relied principally upon the "enterprise liability" theory (see, for explanation, Bard, New York Law of Medical Malpractice §§ 4.01c, 4.01e [rev ed 1987]). While the theory may have merit, the Court of Appeals recently has expressed continued approval of the agency theory (see, Kavanaugh v Nussbaum, 71 NY2d 535, 547).

We further conclude that the jury verdict of no cause of action against defendant Rosner was contrary to the weight of evidence. Plaintiffs claimed that Dr. Rosner, the surgeon, was negligent in removing Linda Facklam's gallbladder without requiring an additional X ray which would definitively indicate that no stones were present in the bile duct. Various experts, including a surgeon who testified on Dr. Rosner's behalf, testified that the second cholangiogram taken prior to removal of the gallbladder was questionable. Dr. Rosner conceded that he read this X ray and determined that it was negative for stones. Given additional expert testimony that the surgeon has an independent responsibility to read the X ray and to request a further cholangiogram if the X ray is questionable as well as expert opinion evidence that Rosner's failure to request a further X ray constituted a deviation from accepted medical practice in the community, the jury's finding

that the radiologists were negligent but that Dr. Rosner was not negligent was contrary to the weight of evidence. Accordingly, we reverse the judgment and grant a new trial.

The court did not abuse its discretion in granting plaintiffs' motion to sever the third-party action brought by the hospital against the radiologists. The third-party action was commenced on the eve of trial some eight years after commencement of the main action, and further discovery was required. The circumstances confronting the court on the return date of the motion did not warrant a further delay in the trial of the main action. All pretrial procedures in the third-party action should now be completed, however, and on retrial, the actions should be jointly tried. (Appeal from judgment and order of Supreme Court, Erie County, Gossel, J.—medical malpractice.) Present—Dillon, P. J., Callahan, Green, Pine and Balio, JJ.