OPINION OF THE COURT
Edward H. Lehner, J.
The principal legal issue presented on the motions before me is whether a stipulation providing for dismissal "with prejudice” of claims asserted against an employee bars the prosecution of the same claims against the employer under the doctrine of respondeat superior.
Before me are motions (i) by defendant Madison Intermediaries, Inc. (Madison) for summary judgment dismissing claims asserted by plaintiffs relating to reinsurance losses, and (ii) by plaintiffs and third-party defendant Milot to dismiss, pursuant to CPLR 3211 (a) (7), the counterclaim asserted under the Racketeer Influenced and Corrupt Organizations Act (RICO) (18 USC § 1961 et seq.).
In 1987 plaintiffs commenced a Federal court action against Madison and others relating to an alleged insurance premium diversion scheme devised by Stephen Maloney, the former chief financial officer of plaintiffs, and Leonard Smith, a former employee of Madison, in which said individuals purportedly conspired to divert to themselves 10% of the premiums ceded to plaintiffs through Madison. In addition, plaintiffs sought to hold Madison and others liable for reinsurance losses incurred and to be incurred by them in the future because of inappropriate reinsurance business ceded to them through the scheme devised by Smith and Maloney (the "reinsurance loss” claim), and also set forth claims under RICO.
As a result of the dismissal of the RICO causes of action asserted against the corporate defendants (based on a holding that such defendants could not be held vicariously liable under RICO for the acts of Smith), the Federal action as against said defendants (including Madison) was dismissed for lack of subject matter jurisdiction, with the action continuing against Smith and Maloney. This action was then commenced in April 1991. Thereafter, at plaintiffs’ request, by order dated November 4, 1993 the Federal court dismissed the reinsurance loss claims asserted against the individuals, with prejudice, leaving that action to continue against them on the claim for diverted premiums of approximately $1 million.
*731 madison’s motion to dismiss
In this action plaintiffs have asserted, causes of action against Madison for (1) fraudulent concealment of the premium diversion scheme and Maloney’s acceptance of inappropriate insurance; (2) negligent supervision of Smith’s activities; (3) breach of fiduciary duty owed to plaintiffs with respect to the placement of reinsurance business; (4) and (5) tortious interference with contract for inducing Maloney to breach the fiduciary duties he owed the plaintiffs; (7) fraud by placing reinsurance with plaintiffs without regard to whether it was appropriate for them to accept such business; and (9) common-law indemnity. The sixth cause of action for commercial bribery was previously dismissed as against Madison and the eighth cause of action is not asserted against it.
On this motion Madison seeks to dismiss only the reinsurance loss claims, which it maintains are identical to those asserted in the Federal action. It contends that they are dismissible under the doctrines of res judicata and collateral estoppel in that all causes of action asserted against it with respect to reinsurance losses rely on the principle of respondeat superior to make it liable for the activities of Smith, the claims against whom were previously dismissed with prejudice. Madison does not assert any other basis for its motion.
Plaintiffs, on the other hand, argue that the instant claims are independent torts of Madison and are not based on respondeat superior. They further contend that this court should apply Federal concepts of res judicata (claim preclusion) and collateral estoppel (issue preclusion) rather than those delineated under New York law, and that since no issue was adjudicated when plaintiffs’ claims against Smith and Maloney were dismissed with prejudice, no issue preclusion should ensue.
"Collateral estoppel, an equitable doctrine, is based upon the general notion that a party, or one in privity with a party, should not be permitted to relitigate an issue decided against it * * * As this doctrine has evolved, only two requirements must be satisfied. First, the party seeking the benefit of collateral estoppel must prove that the identical issue was necessarily decided in the prior action and is decisive in the present action * * * Second, the party to be precluded from relitigating an issue must have had a full and fair opportunity to contest the prior determination.” (D’Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990].) In discussing the flexible nature of the doctrine, in Staatsburg Water Co. v Staatsburg Fire Dist. (72 NY2d 147, 153 [1988]), it was stated:
*732 "Collateral estoppel is an elastic doctrine and the enumeration of these elements is intended as a framework, rather than a substitute, for analysis. For example, the question whether a party had a full and fair opportunity to contest the prior decision is not answered simply by reference to the procedural benefits available in the first forum or by a conclusion that the requirements of due process were satisfied * * * Instead, the analysis requires consideration of 'the realities of litigation’, such as recognition that if the first proceeding involved trivial stakes, it may not have been litigated vigorously * * *
"In the end, the fundamental inquiry is whether relitigátion should be permitted in a particular case in light of what are often competing policy considerations, including fairness to the parties, conservation of the resources of the court and the litigants, and the societal interests in consistent and accurate results. No rigid rules are possible, because even these factors may vary in relative importance depending on the nature of the proceedings”.
Although it has been stated that a default in a prior action may result in the application of collateral estoppel (e.g., Pace v Perk, 81 AD2d 444, 461 [2d Dept 1981]; Siegel, NY Prac § 451 [2d ed]), in Kaufman v Eli Lilly & Co. (65 NY2d 449 [1985]), the Court of Appeals held to the contrary. In that case the Court, in applying the requirement for the application of collateral estoppel that a matter be "actually litigated and determined”, ruled that an "issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation”. (Supra, at 456-457; see also, Matter of Halyalkar v Board of Regents, 72 NY2d 261 [1988]; S.D.I. Corp. v Fireman’s Fund Ins. Cos., 208 AD2d 706 [2d Dept 1994].)
Applying the foregoing principles, since the issues raised in the Federal action, dismissed by stipulation with prejudice against the individual defendants therein, cannot be said to have been "actually litigated”, such dismissal cannot have a collateral estoppel effect in this action by plaintiffs.
The classic definition of res judicata, in the sense of claim preclusion, is that formulated by Chief Judge Cardozo in Schuylkill Fuel Corp. v Nieberg Realty Corp. (250 NY 304, 306-307 [1929]), wherein he stated that a "judgment in one action is conclusive in a later one * * * when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first”.
*733 In Matter of Reilly v Reid (45 NY2d 24, 28, 29 [1978]), it was observed that the "policy bases for res judicata, in the sense of claim preclusion, do not permit easy definition of the 'same cause of action’ ”, the Court there concluding that differences in legal theory generally will not "permit relitigation of claims based on the same gravamen”. In Good Health Dairy Prods. Corp. v Emery (275 NY 14,18 [1937]), it was stated that "where the liability of a principal or master is derivative, a judgment on the merits in favor of the servant or agent from whom the liability is derived, may be set up as a defense by the principal or master, although he was not a party to the earlier action”. With respect to a dismissal "with prejudice”, in Samuels v Northern Telecom (942 F2d 834, 836 [2d Cir 1991]), it was ruled that a stipulation for such dismissal "can have the preclusive effect of res judicata”.
While the parties have argued as to whether the claims asserted herein are based on respondeat superior or are independent torts of Madison, I conclude, based on the most recent decision of the First Department, that even if the claims are derivative, they are not barred by the principles underlying res judicata.
In Escobar v New York Hosp. (111 AD2d 128 [1st Dept 1985]), at the close of plaintiffs’ case in a malpractice action against three physicians and a hospital, the action was "discontinued, with prejudice” as against the doctors. At the close of the trial the hospital moved to dismiss, arguing that by reason of the discontinuance of the case against the doctors the plaintiffs were admitting that no negligence occurred and that this is binding against them in favor of the hospital. That motion was granted by the trial court. While the Appellate Division agreed with that argument and concluded that the hospital "cannot be held liable on a theory of respondeat superior based on the activity or inactivity of the named physician defendants”, the action was nevertheless remanded for a new trial, the court concluding that the hospital could still be held liable based on the negligence of other employees. (Supra, at 129.)
Seven years later, the same Court when faced with a similar fact pattern came to a contrary conclusion. In Pace v Hazel Towers (183 AD2d 588 [1992]), the plaintiff alleged he was injured by the negligent administration of a needle by a nurse employed by the defendant hospital. The action was discontinued with prejudice as against the nurse just before the jury was sworn in. At the end of the case, the trial court, based on the Escobar decision (supra), granted the hospital’s motion to *734 dismiss. Without attempting to distinguish its prior decision, other than noting that the discontinuance in Escobar was at the conclusion of plaintiffs case, the First Department reversed and reinstated the complaint against the hospital, which in that case was based solely on the alleged negligent acts of the nurse. The stated basis for the decision was the holding in Riviello v Waldron (47 NY2d 297, 307 [1979]), that General Obligations Law § 15-108 (a section applicable to all tort actions; see, Wells v Shearson Lehman| Am. Express, 72 NY2d 11 [1988]) does not preclude a plaintiff who has released an alleged negligent employee from pursuing a claim against the employer based on the theory of vicarious liability.
The only difference in the two cases (other than that one involved doctors and the other a nurse) was that in Escobar (supra) the dismissal was at the conclusion of plaintiffs case, whereas in Pace (supra) it was at the commencement of the trial. Since there was no'judicial determination on the merits in either case, the timing of the discontinuance is of no legal significance. Moreover, in both cases the plaintiff indicated a desire to continue the prosecution of the action against the hospital.
From the foregoing, I can only conclude that the Escobar decision (supra) was overruled by implication by the later case, which I believe provides a preferable result. Clearly, if a plaintiff never sued the employee, the defense of res judicata would not be available. Hence, when prior to a determination on the merits a plaintiff reverses a decision to sue an employee and grants him or her a release (with which the party released would normally obtain a discontinuance with prejudice), I see no reason to bar continuance of the action against the employer. While a discontinuance with prejudice has res judicata consequences to the extent that it prohibits the assertion of the same claim in another action against the employee, it should have no similar effect on the employer when there has been no judicial determination on the merits.
Such result is particularly appropriate here. After the motion of Madison to dismiss the reinsurance loss claims asserted against it in the Federal action was granted based on a lack of subject matter jurisdiction, and then later reinstated against it in this court, it was reasonable for plaintiffs to dismiss the Federal claim against Smith and pursue the claims against the apparently solvent corporate defendant here. The alternative was to prosecute two separate actions for the same relief against different parties in different courts (one of whom, the *735 alleged defrauder, may be unable to satisfy a judgment entered against him), a possibly wasteful duplication of effort.
Lastly, Madison’s claim that there is a separate Federal rule on res judicata that should be applied totally lacks merit (see, e.g., Siddiqi v Ober, Kaler, Grimes & Shriver, 224 AD2d 220 [1st Dept 1996]; Joem Intl, v Swedwall, Inc., 215 AD2d 530 [2d Dept 1995]; Browning Ave. Realty Corp. v Rubin, 207 AD2d 263 [1st Dept 1994]; Sound Distrib. Corp. v Ponce Acquisition Corp., 179 AD2d 469 [1st Dept 1992]).
In view of the foregoing, Madison’s motion to dismiss the complaint based on res judicata and collateral estoppel is denied.
THE RICO COUNTERCLAIM
With respect to the RICO counterclaim, the parties agree that the claim here asserted by Madison against plaintiffs is almost identical to that set forth against them by Smith in the Federal action. Plaintiffs’ motion in the Federal court to dismiss that counterclaim was denied by order dated June 29, 1994 of District Court Judge Robert F. Patterson, Jr., who found that "although defendant Smith’s counterclaim pleads predicate acts with less specificity than required by Rule 9 (b) of the Federal Rules Of Civil Procedure, the complaint will not be dismissed on that ground”. Although in his decision Judge Patterson did not discuss RICO "pattern” and "continuity” issues, it appears that the arguments asserted herein by plaintiffs were presented by them to the Federal court and rejected.
The leading case setting forth the grounds for establishing a civil RICO cause of action is H.J. Inc. v Northwestern Bell Tel. Co. (492 US 229 [1989]), the guiding principles with respect to which were summarized in East 32nd St. Assocs. v Jones Lang Wootton USA (191 AD2d 68 [1st Dept 1993]).
While I am not bound by the decision of Judge Patterson, a State court (which has concurrent jurisdiction over civil RICO claims) is guided by Federal court interpretations of Federal statutes. More so when the identical arguments advanced by the movants herein were made by them and rejected by a Federal court. Having reviewed the counterclaim in light of the principles set forth in the above cases, I concur with the *736 result reached by Judge Patterson and conclude that, as a pleading, a valid counterclaim has been set forth. Accordingly, the motion to dismiss same pursuant to CPLR 3211 (a) (7) is denied.