■ DAVID EDIN, Appellant-Respondent, v GLENN HALFF et al., Respondents-Appellants. [690 NYS2d 705] —In an action to recover damages for medical malpractice, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated May 6, 1997, as, upon reargument, adhered to so much of an earlier order of the same court, dated December 4, 1996, as granted that branch of the motion of the defendant Tisch Hospital of New York University Medical Center pursuant to CPLR 4404 to set aside the jury verdict in favor of the plaintiff and against it and for a new trial, and the defendants cross-appeal from so much of the same order as, upon granting their and the plaintiff's respective motions for reargument, adhered to the portion of the prior determination granting the motion of the defendant Tisch Hospital pursuant to CPLR 4404 to the extent of granting a new trial as against all of the defendants, and (2) the plaintiff appeals and the defendants cross-appeal from so much of an order of the same court, dated May 19, 1997, as, upon *sua sponte* amending the order dated May 6, 1997, otherwise adhered to that order. The notices of appeal and cross appeal from the *sua sponte* order dated May 19, 1997, are deemed to be applications for leave to appeal from that order, and leave to appeal is granted.

Ordered that the appeal and cross appeal from the order dated May 6, 1997, are dismissed, without costs or disbursements, as that order was superseded by the amended order dated May 19, 1997; and it is further,

Ordered that the order dated May 19, 1997, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff alleged that he suffered injuries due to the medical malpractice of the defendants Tisch Hospital of New York University Medical Center (hereinafter NYU), Dr. Glenn Halff, and Dr. Kenneth Sutin. According to the plaintiff, he suffered a brachial plexus injury to the nerves in his right shoulder, either during or after he underwent surgery at NYU to repair a hernia. The jury found that neither Dr. Halff, the attending surgeon during the subject operation, nor Dr. Sutin, the resident anesthesiologist during the operation, had been negligent. The jury also found that Dr. Brian Saven, the attending anesthesiologist who was not named as a defendant, had been

negligent, but that his negligence was not a proximate cause of the plaintiff's injuries. The jury further found that NYU, which the plaintiff alleged was vicariously liable for the negligence of its employees, had been negligent and that its negligence was a proximate cause of the plaintiff's injuries.

NYU moved, *inter alia,* pursuant to CPLR 4404, to dismiss the complaint insofar as asserted against it or, in the alternative, for a new trial on the ground that the verdict was against the weight of the evidence. The plaintiff opposed the motion, arguing only that the verdict against NYU should stand. The court granted that branch of the motion of NYU which was to set aside the verdict as against the weight of the evidence, and Ordered a new trial as against all of the defendants. Upon granting the respective motions of the plaintiff and NYU for reargument, the court essentially adhered to its original determination. The plaintiff appeals, arguing, *inter alia,* that the court should not have set aside the verdict, and the defendants cross-appeal, contending, *inter alia,* that, upon setting aside the verdict, the court should have dismissed the complaint insofar as asserted against NYU because there was not sufficient evidence to support the jury verdict against it.

The Supreme Court properly set aside the verdict and Ordered a new trial as against all of the defendants. The verdict as against NYU was necessarily premised upon its vicarious liability for the defendant doctors, because there was no evidence at the trial to indicate that any other, unnamed employee of NYU acted negligently. By exonerating the doctors and finding NYU liable, the jury rendered an inconsistent verdict (*see, Public Adm'r of Kings County v University Hosp.,* 123 AD2d 676, 677; *Lippes v Atlantic Bank,* 69 AD2d 127, 135; *Perry v Costa,* 97 AD2d 655, *affd sub nom. Perry v Inter-County Sav. Bank,* 62 NY2d 630).

In light of the above determination, the parties' remaining contentions need not be addressed. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.