■ ROSEMARIE FERRANTE et al., Appellants-Respondents, v COUNTY OF NASSAU, Respondent-Appellant. [754 NYS2d 34] —In an action, inter alia, to recover damages for wrongful death, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Segal, J.), entered August 20, 2001, which, upon a jury verdict, dismissed the complaint, and the defendant cross-appeals from the same judgment.

Ordered that the cross appeal by the defendant is dismissed, as the defendant is not aggrieved by the judgment (*see* CPLR 5511); and it is further,

Ordered that the judgment is reversed, on the facts and as a matter of discretion, and a new trial is granted, with costs to abide the event.

This appeal arises from a tragic case of domestic violence perpetrated by Dennis Carney. On December 29, 1991, Doreen Ferrante (hereinafter Doreen), fled the home she shared with Carney and their young daughter, taking the daughter with her. Shortly thereafter, Carney broke into the home of Doreen's brother John, and shot and killed both John and Doreen's

father, Dominick Ferrante, Sr. Carney then took his own life. Based, inter alia, on information provided by Doreen and members of her family earlier that evening, a police officer had been assigned to do an "intensive patrol" of the area in which John's home was located. However, at the time of the murders, the police officer was on a meal break with no other officer assigned to provide protection.

It is well settled that a jury verdict will not be disturbed as against the weight of the evidence if it is supported by a fair interpretation of the evidence (*see Campbell v Crimi,* 267 AD2d 343, 344; *Potter v Korfhage,* 240 AD2d 717, 718; *Nicastro v Park,* 113 AD2d 129). A jury finding that a party was negligent but that such negligence was not a proximate cause of an incident is inconsistent and against the weight of the evidence when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (*see Cona v Dwyer,* 292 AD2d 562; *Hernandez v Baron,* 248 AD2d 440; *Schaefer v Guddemi,* 182 AD2d 808; *Rubin v Pecoraro,* 141 AD2d 525). Notwithstanding that the plaintiffs only belatedly raised this claim after the discharge of the jury (*cf. Tesoro v Rozza,* 267 AD2d 227), under the circumstances of this case, the interests of justice compel us to set the verdict aside.

Contrary to the defendant's contentions (*see Sega v State of New York,* 60 NY2d 183, 190 n 2), the evidence adduced by the plaintiffs established, inter alia, that the Nassau County Police Department (hereinafter the police) had received numerous reports that Carney was armed and dangerous, and had threatened to kill Doreen and her family. It is also clear, as the jury properly found, that by its conduct and verbal reassurances, the police assumed a special relationship entitling the decedents to justifiably rely upon their promises of protection (*see Sorichetti v City of New York,* 65 NY2d 461; *Shinder v State of New York,* 62 NY2d 945). Despite the overwhelming evidence that the police failed to supply the promised protection and that this failure directly and proximately led to the deaths, the jury found the negligence not to be a proximate cause of the deaths. This verdict cannot stand. Under the circumstances of this case, the verdict finding negligence in connection with the deaths, but simultaneously finding that negligence not to have been a proximate cause of the deaths, is not supported by a fair interpretation of the evidence. Thus, we reverse the judgment and grant the plaintiffs a new trial.

The parties' remaining contentions are without merit. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.