■ SUSAN DELUCA et al., Respondents, v BENSONHURST GROCERY et al., Appellants, et al., Defendants. [756 NYS2d 458] —In an action to recover damages for personal injuries, etc., the defendants Bensonhurst Grocery and Shayer Ahmid Said appeal from a judgment of the Supreme Court, Kings County (Huttner, J.), entered January 30, 2002, which, upon a jury verdict, is in favor of the plaintiffs and against them in the principal sum of $302,077.

Ordered that the judgment is affirmed, with costs.

Contrary to the appellants' contentions, the jury verdict finding that the injured plaintiff was negligent, but that her negligence was not a proximate cause of the accident, was not against the weight of the evidence, as the jury's finding was supported by a fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *Campbell v Crimi,* 267 AD2d 343, 344 [1999]). Under the facts of this case, the issues were not " 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Reese v New York City Bd. of Educ.,* 297 AD2d 793 [2002], quoting *Rubin v Pecoraro,* 141 AD2d 525, 527 [1988]; *cf. Ferrante v County of Nassau,* 301 AD2d 565 [2003]).

The appellants' remaining contentions are without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.

■ DEANNE DELVECCHIO et al., Plaintiffs, v LEVITTOWN UNION FREE SCHOOL DISTRICT, Defendant and Third-Party Plaintiff-Respondent. STASI BROTHERS ASPHALT CORP. et al., Third-Party Defendants-Appellants. [756 NYS2d 459] —In an action to recover damages for personal injuries, etc., the third-party defendant Stasi Brothers Asphalt Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated January 16, 2000, as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it, and the third-party defendant John A. Grillo, Architect, P.C. separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly determined there were issues of fact requiring the denial of summary judgment. S. Miller, J.P., Schmidt, Townes and Crane, JJ., concur.