*133 Judgment, Supreme Court, New York County (Marcy Friedman, J), entered May 24, 2002, which, inter alia, upon a jury verdict awarding plaintiff damages of $20 million for past and future pain and suffering and plaintiffs stipulation to a reduction of damages, awarded plaintiff damages in the principal amount of $7,992,084, unanimously affirmed, without costs.
The jury’s finding of liability on the various causes of action presented in this products liability action was supported by sufficient evidence and was not against the weight of the evidence (see Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Revill v Boston Post Rd. Dev. Corp., 293 AD2d 138, 142 [2002], appeal dismissed 98 NY2d 725 [2002]). Where the jury finds the defendant liable on multiple grounds, a preponderance of the evidence as to any one of them is sufficient to sustain the verdict (see Kavanaugh v Nussbaum, 71 NY2d 535, 545 n 3 [1988]; Brotman v Biegeleisen, 192 AD2d 410 [1993], lv denied 82 NY2d 654 [1993]). Here, the evidence showing that defendant marketed lab coats made of 65/35% polyester/cotton fabric that had a tendency to melt and fuse to the wearer when exposed to flame, that the coat was sold as a lab coat and burned much more readily than flame-retardant coats and that other companies offered flame-retardant lab coats, and that the coat contained no warnings as to its flammability characteristics, amply established defendant’s liability under the theories of defective design (see Voss v Black & Decker Mfg. Co., 59 NY2d 102 [1983]); negligent testing (see Andujar v Sears Roebuck & Co., 193 AD2d 415 [1993]); failure to warn (see Liriano v Hobart Corp., 92 NY2d 232, 237 [1998]); and breach of warranty (see Denny v Ford Motor Co., 87 NY2d 248, 258-259 [1995]). The jury’s findings that plaintiff was negligent but that her negligence was not a proximate cause of her injury were not irreconcilably inconsistent or against the weight of the evidence since the issues were “not so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause” (DeLuca v Bensonhurst Grocery, 303 AD2d 541, 541 [2003] [internal quotation marks omitted]; cf. Lora v City of New York, 305 AD2d 171 [2003]).
We have considered defendant’s challenges to various evidentiary rulings and find them unavailing.
*134 We find the damages awarded for past and future pain and suffering do not deviate materially from what is reasonable compensation under the circumstances. Concur—Nardelli, J.E, Mazzarelli, Andrias, Sullivan and Lerner, JJ.