■ LILLIAN MARUS, Respondent, v VILLAGE MEDICAL et al., Appellants, et al., Defendant. [858 NYS2d 735]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the defendants Village Medical and Adam Semegran appeal from (1) a judgment of the Supreme Court, Westchester County (Bellantoni, J.), entered February 24, 2006, which, upon a jury verdict finding the defendant Village Medical 75% at fault and the defendant Adam Semegran 25% at fault in the happening of the incident, and awarding the plaintiff the principal sums of $400,000 for pain and suffering, $600,000 for pecuniary loss, and $300,000 for medical expenses, and upon the denial of the motion of the defendants Village Medical and Adam Semegran pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for wrongful death, is in favor of the plaintiff and against the defendant Village Medical in the principal sum of $1,020,733.50 and against the defendant Adam Semegran in the principal sum of $340,244.50, (2) stated portions of an order of the same court (Bellantoni, J.), entered July 6, 2006, which, among other things, denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict on the cause of action alleging medical malpractice insofar as against the defendant Village Medical as inconsistent, and (3) an order of the same court (LaCava, J.) entered December 5, 2006, as denied that branch of the motion of the defendants Village Medical and Adam Semegran which was, in effect, to reduce the verdict pursuant to CPLR 4545.

Ordered that the judgment is reversed, on the law, and the motion of the defendants Village Medical and Adam Semegran

pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action to recover damages for wrongful death is granted; and it is further,

Ordered that the order entered July 6, 2006 is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendants Village Medical and Adam Semegran which was to set aside the verdict on the cause of action alleging medical malpractice insofar as against the defendant Village Medical as inconsistent and substituting therefor a provision granting that branch of the motion and vacating the verdict finding the defendant Adam Semegran 25% at fault with respect to that cause of action; as so modified, the order entered July 6, 2006, is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for a new trial consistent herewith; and it is further,

Ordered that the appeal from the order entered December 5, 2006 is dismissed as academic in light of our determinations on the appeals from the judgment and the order entered July 6, 2006; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Prior to trial, the action, insofar as asserted against Patrice T. Passidomo and Dr. Michael Grill, employees of the defendant Village Medical, was discontinued with prejudice. Contrary to the contention of the defendants Village Medical and Adam Semegran (hereinafter together the defendants) the plaintiff was not foreclosed from pursuing a claim against Village Medical based upon a theory of vicarious liability (*see Riviello v Waldron*, 47 NY2d 297, 307 [1979]; *Pace v Hazel Towers, Inc.*, 183 AD2d 588 [1992]; *Nobel v Ambrosio*, 120 AD2d 715, 717 [1986]). While a discontinuance with prejudice has res judicata consequences to the extent that it prohibits the assertion of the same claim in another action against the employee, it should have no similar effect on the employer when there has been no judicial determination on the merits (*see Philan Ins. v Hall & Co.*, 170 Misc 2d 729, 734 [1996]).

However, the plaintiff failed to adduce sufficient evidence from which a jury could rationally conclude that the departures of the defendants from the appropriate standard of care were a substantial factor in causing the death of the decedent (*see Selmensberger v Kaleida Health*, 45 AD3d 1435 [2007]). Therefore, the cause of action to recover damages for wrongful death must be dismissed.

Moreover, the defendants correctly contend that the verdict on the cause of action alleging medical malpractice insofar as against Village Medical was inconsistent, and thus, should have

been set aside (*see Edin v Halff,* 261 AD2d 569, 570 [1999]). The verdict, as against Village Medical, was necessarily premised upon its vicarious liability for the conduct of Passidomo and Grill, the supervising physicians of the defendant Vincent Bosco, a physician assistant. By exonerating Bosco, finding that he did not depart from accepted medical practice in his treatment of the decedent, but finding Village Medical, his employer, vicariously liable for the conduct of his supervisors, the jury rendered an inconsistent verdict (*see Ferrante v County of Nassau,* 301 AD2d 565, 566 [2003]; *Borovskaya v Herskovic,* 300 AD2d 331 [2002]; *Lippes v Atlantic Bank of N.Y.,* 69 AD2d 127, 135 [1979]). Thus, the matter must be remitted to the Supreme Court, Westchester County, for a new trial on the issues of liability and damages as to Village Medical on the cause of action to recover damages for medical malpractice.

The verdict against Semegran with respect to the cause of action to recover damages for medical malpractice is supported by the evidence. However, Semegran was found to be 25% at fault and Village Medical 75% at fault, and we are granting a new trial to Village Medical on the issue of whether it was at fault and, if so, the percentage of its fault in relation to Semegran's fault (and thereafter for a determination of damages). Therefore, it is necessary that at the new trial the apportionment of fault as to Semegran be determined. At the new trial the jury should be directed that Semegran is at fault, but that the issues of the percentage of his fault must be considered in conjunction with the percentage of fault, if any, of Village Medical.

We note that the trial court properly declined to charge the jury on comparative negligence. Absent pure speculation by the jury, no valid line of reasoning could rationally support a finding of comparative negligence in this case (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517 [1980]; *Gonzalez v Jamaica Hosp.,* 25 AD3d 652 [2006]; *Linszer v Wachsman,* 232 AD2d 530 [1996]; *Arpino v Jovin C. Lombardo, P.C.,* 215 AD2d 614, 615-616 [1995]).

The defendants' remaining contentions, including the contention relating to CPLR 4545, are without merit or academic. Spolzino, J.P., Ritter, Miller and Dickerson, JJ., concur.