■ WALTER ADAMS, Respondent, v GENIE INDUSTRIES, INC., Appellant. [861 NYS2d 42]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered January 17, 2007, which denied defendant's motion to set aside the jury verdict or for judgment in its favor, and granted plaintiff's cross motion by conditionally setting aside the verdict and directing a new trial on damages for past and future pain and suffering unless defendant stipulated to increase those awards from $100,000 and $400,000 to $500,000 and $750,000, respectively, unanimously affirmed, without costs.

In this products liability action, the trial court providently exercised its discretion in determining that plaintiff's expert, a licensed engineer whose experience included design and manufacture of industrial machines, including lifts, was qualified to testify as an expert on the design and safety of the compact personnel lifting machine, manufactured by defendant and sold to plaintiff's employer in June 1986 (*see Edgewater Apts. v Flynn*, 216 AD2d 53, 54 [1995]; *see also Ochoa v Jacobsen Div. of Textron, Inc.*, 16 AD3d 393 [2005]). Defendant has not articulated any basis on which the court could have properly excluded the deposition testimony of defendant's former employee concerning its presale awareness of the risk that tipovers would occur if the machine were used without outriggers and that such an accident had occurred in 1985. The expert and the former employee both testified that it was feasible, using

technology available prior to the sale, to design an interlock system or storage feature to eliminate that risk. The testimony of those witnesses provided ample support for the jury to find that the product was defective when sold, that a safer design was feasible using technology then available, and that the defective design was a substantial factor in causing plaintiff's injury (*see Voss v Black & Decker Mfg. Co.*, 59 NY2d 102 [1983]).

Contrary to defendant's contention, it was not error for the court to allow plaintiff to present evidence to support its additional theory that defendant breached its continuing duty of care during the 11-year period between sale and accident. A manufacturer of a product affecting human safety has a continuing duty, "after such a product has been sold and dangerous defects in design have come to the manufacturer's attention, . . . either to remedy these or, if complete remedy is not feasible, at least to give users adequate warnings and instructions concerning methods for minimizing the danger" (*Braniff Airways, Inc. v Curtiss-Wright Corp.*, 411 F2d 451, 453 [2d Cir 1969], *cert denied* 396 US 959 [1969], quoted with approval in *Power v Crown Equip. Corp.*, 189 AD2d 310, 313 [1993]). Whether the charge to the jury concerning the manufacturer's postsale duty of care was properly limited to exclude a duty to upgrade using subsequently developed technology (*see Cover v Cohen*, 61 NY2d 261, 274-277 [1984]; *cf. Couch v Astec Indus., Inc.*, 132 NM 631, 637-638, 53 P3d 398, 404-405 [Ct App 2002], *cert denied* 132 NM 551, 52 P3d 411 [2002]) need not be decided here because the jury's verdict on the strict products liability and negligent design claims is sufficient to sustain the verdict (*see Kavanaugh v Nussbaum*, 71 NY2d 535, 545 n 3 [1988]; *Weigl v Quincy Specialties Co.*, 1 AD3d 132 [2003]). Moreover, the jury's verdict on the strict products liability and negligent design theories necessarily included a finding that it was technologically feasible to eliminate the defect at the time of sale.

Having reviewed the evidence of the injuries, and in light of our prior decisions involving comparable injuries, we conclude that the trial court did not improvidently grant the motion for additur of damages for past and future pain and suffering with respect to the serious wrist and knee injuries sustained by the 27-year-old plaintiff. Concur—Tom, J.P., Saxe, Nardelli and Williams, JJ.