# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**185**
**CA 12-01805**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

ALEXANDER LIFSON, EXECUTOR OF THE ESTATE
OF IRENE LIFSON, DECEASED,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                           MEMORANDUM AND ORDER

CITY OF SYRACUSE, DEFENDANT-RESPONDENT,
AND DEREK J. KLINK, DEFENDANT-RESPONDENT-APPELLANT.

---

FARACI LANGE, LLP, ROCHESTER (STEPHEN G. SCHWARZ OF COUNSEL), AND
LONGSTREET & BERRY, LLP, SYRACUSE, FOR PLAINTIFF-APPELLANT-RESPONDENT.

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

MARY ANNE DOHERTY, CORPORATION COUNSEL, SYRACUSE (ANN MAGNARELLI
ALEXANDER OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 1, 2012. The order, among other things, directed that a single de novo trial be conducted to determine the liability/culpable conduct of all parties.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of plaintiff insofar as it seeks a new trial to determine the liability of defendant Derek J. Klink only and granting the cross motion of that defendant insofar as it seeks to include in the trial the issue of the apportionment of liability among defendants and plaintiff's decedent, and by vacating the second ordering paragraph, and as modified the order is affirmed without costs in accordance with the following Memorandum: Plaintiff appeals and Derek J. Klink (defendant) cross-appeals from an order directing that "a single de novo trial [be conducted] to determine the liability/culpable conduct of all parties" upon remittal of the matter by the Court of Appeals to Supreme Court (*Lifson v City of Syracuse*, 17 NY3d 492, 498). Plaintiff's decedent (decedent) was struck by a vehicle driven by defendant while she was crossing a street in defendant City of Syracuse (City). On a prior appeal, we affirmed the judgment following a bifurcated trial on liability determining that defendant was not at fault; that the City was 15% at fault; and that decedent was 85% at fault (*Lifson v City of Syracuse* [appeal No. 2], 72 AD3d 1523, 1524, *revd insofar as appealed from* 17 NY3d 1492). The Court of Appeals reversed so much of the order of this Court that determined that Supreme Court did not err in

giving an emergency instruction with respect to defendant's assertion that he did not see decedent crossing the street because he was temporarily blinded by sun glare.  The Court of Appeals concluded that the error was not harmless because it could have affected the outcome of the trial, reinstated the amended complaint with respect to defendant and remitted the matter to Supreme Court for further proceedings "consistent with this opinion" (*Lifson*, 17 NY3d at 498).

We agree with plaintiff and defendant that the court erred in directing that a de novo trial be conducted "to determine the liability/culpable conduct of all parties" inasmuch as the liability of the City and decedent was established in the first trial and the court's error with respect to the jury charge affected only the determination of defendant's liability (*see Marus v Village Med.*, 51 AD3d 879, 881; *see generally Ferrer v Harris*, 55 NY2d 285, 289-290, *remittitur amended* 56 NY2d 737).  We agree with the Second Department's conclusion in *Marus* that the jury should be directed that the City and decedent were at fault, "but that the issues of the percentage of [their] fault must be considered in conjunction with the percentage of fault, if any, of [defendant]" (*Marus*, 51 AD3d at 881).  We therefore modify the order accordingly.  Contrary to the City's contention, our decision in *Braun v Rycyna* (100 AD2d 721, 722) does not compel a different result.  In *Braun*, we directed a new trial on liability with respect to all the defendants, in the interest of justice, because the theory of liability with respect to each defendant in that medical malpractice action was the same and the court's error in granting the motion of one defendant to dismiss the action against it at the close of proof could have impacted the verdict with respect to the remaining defendants (*id.*; *see Gruntz v Deepdale Gen. Hosp.*, 163 AD2d 564, 566-567).  Here, the theories of liability with respect to defendant and the City are unrelated, and we therefore conclude that the erroneous jury charge, directed only at defendant's liability, did not impact the jury's verdict with respect to the City's liability.

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court