Lampack v Andrews (2026 NY Slip Op 00743)

Lampack v Andrews

2026 NY Slip Op 00743

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

980 CA 25-00140

[*1]STACY A. LAMPACK AND ROBERT LAMPACK, PLAINTIFFS-RESPONDENTS,
vRICHARD A. ANDREWS, DEFENDANT-APPELLANT. 
RICHARD A. ANDREWS, THIRD-PARTY PLAINTIFF-APPELLANT, 
 
vLEWIS COUNTY, THIRD-PARTY DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (KAREN G. FELTER OF COUNSEL), FOR THIRD-PARTY PLAINTIFF-APPELLANT AND DEFENDANT-APPELLANT.
HARDING MAZZOTTI, LLP, ALBANY (PETER P. BALOUSKAS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 
FITZGERALD MORRIS BAKER FIRTH, P.C., GLENS FALLS (JOSHUA D. LINDY OF COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Lewis County (James P. McClusky, J.), entered December 19, 2024, in a premises liability action. The order purportedly denied the motion of defendant-third-party plaintiff seeking leave to reargue a prior motion. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, defendant-third-party plaintiff's motion pursuant to CPLR 4404 (a) is granted, the third-party complaint is reinstated, and a new trial is granted in accordance with the following memorandum: Plaintiffs commenced this premises liability action seeking damages for injuries allegedly sustained by Stacy A. Lampack (plaintiff) when she slipped and fell on ice outside a building owned by defendant-third-party plaintiff, Richard A. Andrews (defendant), and leased by plaintiff's employer, third-party defendant, Lewis County (County). Defendant then filed a third-party complaint against the County alleging, inter alia, that plaintiff's injuries were a result of the County's negligence and that the County was required to indemnify defendant pursuant to the terms of the premises lease. The case proceeded to a bifurcated trial on liability and, after the parties rested, the County moved pursuant to CPLR 4401 for judgment as a matter of law. Supreme Court granted the County's motion and dismissed defendant's third-party complaint in its entirety. Plaintiff's complaint was then submitted to the jury, which rendered a verdict finding that plaintiff was not negligent, that defendant was negligent, and that defendant's negligence was a substantial factor in causing plaintiff's injuries. Defendant moved, pursuant to CPLR 4404 (a), for, inter alia, a new trial on the third-party complaint on the ground that there were questions of fact whether defendant was entitled to contractual indemnification from the County.
In appeal No. 1, defendant appeals from an order that denied defendant's CPLR 4404 (a) motion. In appeal No. 2, defendant appeals from a subsequent order in which the court purportedly denied defendant's motion pursuant to CPLR 2221 for leave to reargue his CPLR [*2]4404 (a) motion.
Initially, we conclude that the court in fact granted leave to reargue and, upon reargument, adhered to its prior determination, thus rendering the order in appeal No. 2 appealable as of right (see CPLR 5701 [a] [2] [viii]; Matter of Jean G.S., 59 AD3d 998, 998 [4th Dept 2009]; Grasso v Schenectady County Pub. Lib., 30 AD3d 814, 816 n 1 [3d Dept 2006]). We further conclude that the appeal from the order in appeal No. 1 should be dismissed inasmuch as that order is superseded by the order in appeal No. 2 (see Loafin' Tree Rest. v Pardi [appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
In appeal No. 2, defendant contends that the court erred in granting judgment as a matter of law to the County and that a new trial is warranted under CPLR 4404 (a). We agree. "In determining a motion for a directed verdict, the court must view the evidence in the light most favorable to the nonmoving party and resolve all issues of credibility in favor of the nonmoving party . . . , and may grant the motion only if there is no rational process by which the jury could find for the [nonmoving party] as against the moving" party (Wolf v Persaud, 130 AD3d 1523, 1524 [4th Dept 2015]; see also Dennis v Cerrone, 192 AD3d 1572, 1572-1573 [4th Dept 2021]). In considering such a motion, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in [the] light most favorable to the nonmovant" (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Shelters v City of Dunkirk Hous. Auth., 126 AD3d 1329, 1329 [4th Dept 2015]).
Here, the premises lease obligated the County to remove snow and also to indemnify defendant for the County's "negligence, whether active or passive in its use or occupancy of the [p]remises." Viewing the trial evidence in the light most favorable to defendant and affording him every favorable inference, we conclude that there was a rational process by which the jury could find for defendant against the County. There are three theories under which a jury could have concluded that the County was negligent. First, based on the evidence at trial, the jury could rationally find that the County created a dangerous condition that was a substantial factor in causing plaintiff's fall through installation of the gutter over the entryway (see generally Harkins v Tuma, 182 AD3d 678, 680 [3d Dept 2020]; Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1318 [4th Dept 2012]). Second, the jury could rationally find that the County, as the possessor of the premises, was negligent in failing to remedy the dangerous condition in front of the employee entrance, given that it had "actual knowledge of a recurring dangerous condition in the area where plaintiff fell that would place it on constructive notice of [the] alleged dangerous condition" (Irwin v St. John the Evangelist Church of Greece, 229 AD3d 1108, 1109 [4th Dept 2024]; see generally Phillips v Henry B's, Inc., 85 AD3d 1665, 1666-1667 [4th Dept 2011]). Third, the jury could rationally find that the County did not fulfill its contractual snow removal obligation on the day of the incident (see Shelters, 126 AD3d at 1329-1330).
To the extent that the court concluded that defendant "had undertaken responsibility for the [icy] condition" by agreeing to build a canopy over the entryway where plaintiff's fall took place, we conclude that this fact alone did not, as a matter of law, relieve the County of liability for negligence.
We therefore reverse the order in appeal No. 2, grant defendant's motion pursuant to CPLR 4404 (a), reinstate the third-party complaint, and grant a new trial to determine whether the County bears any liability for causing plaintiff's injuries and, if so, what percentage of fault is attributable to the County (see generally Lifson v City of Syracuse, 104 AD3d 1210, 1211 [4th Dept 2013]; Marus v Village Med., 51 AD3d 879, 881 [2d Dept 2008]).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court